[Civ. No. 4184. Second Appellate District, Division One.—March 21, 1924.]

## ELIZABETH Y. GORDON, Appellant, v. R. A. GREEN, Respondent.

[1] APPEAL—PREVIOUS DECISION—LAW OF CASE—RECORD.—A decision on appeal, upon becoming final, establishes the law of the case and where the pleadings are not changed and the findings are substantially the same on the retrial of the case, on a second appeal such decision is conclusive, even though the appellate court should have reached a different conclusion on the former appeal; and it is immaterial that the first appeal was taken on the judgment-roll alone, whereas the second appeal is supported by a bill of exceptions.

(1) 4 C. J., pp. 1093, 1099, secs. 3075, 3078.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Reversed.

The facts are stated in the opinion of the court.

Waldo M. York and H. Parker Wood for Appellant.

C. S. Tappaan and Stewart & Stewart for Respondent.

CONREY, P. J.—This action was brought to recover certain rents alleged to be due and unpaid under the terms of a written lease. The present appeal relates only to the judgment in favor of the defendant on the first cause of action set out in the complaint. The defense of the defendant was that there had been a change in the written contract of lease by an oral executed agreement, whereby the claimed rent was paid.

[1] A former appeal from a judgment in favor of the defendant in this action was decided by the court of appeal for the first district in division one thereof. (15 Cal. App. 765 [197 Pac. 955].) That appeal was taken upon the judgment-roll alone. The principal facts constituting the cause of action are set forth in the decision cited. In its findings at the first trial the court found that defendant had entered into possession of the premises described in the

1. See 2 Cal. Jur. 1042; 2 R. C. L. 223.

lease set forth in the first cause of action, but further found that such terms were subsequently changed by an oral agreement between the parties, and that such agreement was carried out by the lessee and accepted by the lessor. This change in the lease as found by the trial court consisted in an agreement which in substance provided that, pending the hard times and general depression of the hotel, apartment house, and rooming-house business in the city of Los Angeles, the lessor agreed to accept in lieu of the amounts specified in the lease all of the income derived from the premises over and above the expenses of the business and a moderate allowance for the support of the defendant and his wife for managing said business. It further found that this condition had improved after the eighth day of September, 1919, since which time defendant had promptly paid to plaintiff monthly the rent according to the terms of the lease. On the former appeal it was decided that the carrying out of the oral agreement by defendant did not validate the contract, for the reason that it was simply the performance of the very act which defendant was legally obligated by his written contract to do, and that defendant therefore suffered no prejudice by the performance of the alleged modification; that the modified agreement as found by the court to have been made between the parties was a mere *nudum pactum,* which did not relieve the defendant from the obligations under his lease.

Appellant contends that the decision on the former appeal establishes the law of the case, and that under the law as thus declared the present judgment must be reversed, because there is no material difference between the issues and the facts found at the former trial and those shown in the record of the present trial. There was no change in the pleadings. There is a bill of exceptions in which is set out the evidence received by the court at the second trial. It is not necessary that we examine that evidence, unless there is some material difference between the present findings of fact and the findings of fact which were before the court on the former appeal. Comparing the findings of fact as made at the second trial with the statement of the substance of the findings made at the former trial, stated in the decision on the former appeal, we find no substantial or material difference between them. This being so, it may fairly be assumed that there is no difference between the evi-

dence received at the first trial and that received at the second trial, which would prevent the application to this appeal of the doctrine that the law of the case as established on the first appeal controls the decision of the second appeal. This rule or doctrine has been thoroughly re-examined and expounded by the supreme court in the recent case of the *Estate of Baird,* 193 Cal. 225 [223 Pac. 974]. It is there declared that where the supreme court upon one appeal has declared that all the evidence adduced at the trial was insufficient as a matter of law to establish a certain conclusion (in that case the legal adoption of a child), and the evidence received at a later trial is substantially the same in all vital particulars as the evidence received at the former trial, it of necessity follows that the doctrine of "law of the case" applies.

In support of his contention that notwithstanding the former decision the court may now properly re-examine the question as to whether there was or was not a sufficient consideration for the agreement of the parties modifying the lease, respondent insists that because the previous appeal was on the judgment-roll alone without the evidence, it does not appear that there was any decision that would necessarily be applicable to the facts presented on this appeal. It may be conceded that if the findings which are the basis of the present judgment were in any material respect different from the former findings of fact, it would now be appropriate to consider such new or different findings and the evidence relating thereto, and to determine whether such different or additional findings are sufficient to sustain the present judgment, notwithstanding the decision on the former appeal. Respondent seems to find that difference in the fact shown in the present findings, and (we will assume for the purposes of the argument), supported by the evidence, that it was a part of the oral agreement that defendant would operate and keep open the hotel business on said leased premises, and would keep strict account of the income and expenses and render monthly statements and pay over to plaintiff the net income derived therefrom, less "a moderate sum" for the support of defendant R. A. Green and his wife; and in the further fact that under the lease itself there was no obligation on the part of the defendant or his wife to personally manage the hotel business;

66 Cal. App.—20

that this new obligation assumed by both the defendant and his wife constituted a consideration which, when executed, would be sufficient to support the defense under said oral agreement. We observe first that while the findings of fact now before the court do say that in the oral agreement it was provided that defendant R. A. Green would operate and keep open said hotel business, etc., they do not say that said agreement included any obligation or promise that defendant's wife would manage or have anything to do with the management of said hotel. Turning to the statement of the substance of the findings made at the first trial as set forth in the former decision on appeal, we see that the court in its former findings determined that the alleged modification of the lease contained an agreement which included an acceptance by the lessor, in lieu of the amount specified in the lease, of the income derived from the premises ''over and above the expenses of the business,'' and a moderate allowance for the support of *the defendant and his wife for managing said business.* It thus appears that it was in the former findings and not in the present findings that the fact was established that the defendant's wife was to render services in the management of the business. So far as that point is concerned, if it is at all material, this would make a stronger case for the defendant than the case presented under the present findings. Nevertheless, the court on that appeal determined that such oral agreement was without consideration sufficient to support the same and that it did not constitute a defense to the plaintiff's action. That decision having become final, it is binding now, even if it were to be conceded that on the former appeal the court should have reached a different conclusion.

The judgment is reversed.

Houser, J., and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1924.

Lawlor, J., Lennon, J., Richards, J., and Shenk, J., concurred.

Myers, C. J., and Seawell, J., dissented.