(No. 4468.   April 11, 1927.)

GEORGE S. SMITH, Appellant, v. CANYON COUNTY CONSOLIDATED SCHOOL DISTRICT No. 34, CANYON COUNTY, IDAHO, FERN R. HART, as Treasurer and *Ex-officio* Tax Collector of Canyon County, Idaho, at the Time of the Filing of the Complaint Herein, and to the Eighth Day of January, A. D. 1923, and MYRTLE BERNARD, as Treasurer and *Ex-officio* Tax Collector of Canyon County, Idaho, Since the Said Eighth Day of January, A. D. 1923, Respondents.

[255 Pac. 642.]

APPEAL AND ERROR — REVERSAL OF JUDGMENT WITH DIRECTIONS — DUTY OF TRIAL COURT.

Where judgment on former appeal was reversed, with directions to enter judgment for appellant under authority of C. S., sec.

6446, such determination was a final adjudication simply requiring entry of judgment to that effect by trial court, and order granting a new trial after *remittitur* was improper.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Plaintiff appeals from order granting new trial after *remittitur* on former appeal ordering judgment to be entered. *Reversed.*

S. Ben Dunlap, for Appellant.

The decision of the appellate court as to the form of its judgment or mandate and as to what shall be the future proceeding in the court below is a part of the duty of the appellate court, and it is presumed to have received the same consideration as any other feature in the case. (*Cowdery v. London & San Francisco Bank*, 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196.)

Where it is manifest that the ends of justice would not be promoted by remanding the cause for a new trial, it is proper for the appellate court, on reversal, to render final judgment, or to order and direct the lower court to render final judgment. (4 C. J., p. 1185, sec. 3223, p. 1193, sec. 3232; 2 R. C. L. 285, sec. 240; *Hay v. Baraboo*, 127 Wis. 1, 105 N. W. 654, 3 L. R. A., N. S., 84; *Price v. Dime Savings Bank*, 124 Ill. 317, 7 Am. St. 367, 15 N. E. 754.)

It is the duty of the lower court, on the remand of the cause, to comply with the mandate of the appellate court and to obey the directions therein, without variation. (4 C. J., secs. 1221, 3271; 2 R. C. L., p. 289, sec. 244; *Fortenberry v. Frazier*, 5 Ark. 200, 39 Am. Dec. 373; *Tourville v. Wabash R. R. Co.*, 148 Mo. 614, 71 Am. St. 650, 50

Publisher's Note.

See 2 R. C. L. 289.

See Appeal and Error, 4 C. J., sec. 3223, p. 1185, n. 57; sec. 3273, p. 1224, n. 96.

S. W. 300; *Durham v. Eno Cotton Mills*, 141 N. C. 615, 54 S. E. 453, 7 L. R. A., N. S., 32; *Barbour v. Tompkins*, 31 W. Va. 410, 7 S. E. 1, 3 L. R. A., N. S., 715; *Galbreath v. Wallrich*, 48 Colo. 127, 139 Am. St. 263, 109 Pac. 417; Elliott on Appellate Procedure, sec. 576; *Keller v. Lewis*, 56 Cal. 466; *Mountain Home Lumber Co. v. Swartwout*, 33 Ida. 737, 197 Pac. 1027.)

Stone & Jackson and L. D. Hyslop, for Respondents.

"As a general rule an unqualified reversal entitles the appellant as a matter of right to a new trial, entirely unembarrassed by anything which occurred at the former trial." (2 R. C. L. 290, sec. 244; 96 Am. St. 128, note; *Cahn v. Tootle*, 58 Kan. 260, 48 Pac. 919; 4 C. J. 1239, sec. 3299, and authorities cited; *First National Bank v. Edwards*, 84 Kan. 495, 115 Pac. 118; *Heidt v. Minor*, 113 Cal. 385, 45 Pac. 700.)

TAYLOR, J.—This cause was before this court on a former appeal. (*Smith v. Canyon County C. S. Dist.*, 39 Ida. 222, 226 Pac. 1070.) Upon the going down of the *remittitur*, the trial court entered a judgment. No appeal is taken from that judgment. The trial court interpreted the *remittitur* as directing judgment but authorizing it to grant a new trial upon facts involved in one ground alleged to support the case of plaintiff, appellant, therein. The court thereupon entered an order granting defendants a new trial, based solely upon the *remittitur*, "upon the sole and only question of the validity and legality of the organization of said Consolidated School District No. 34." This appeal is from that order.

In the former opinion, this court said:

"Appellant . . . . seeks by this action to have the special tax levied against his property by this district for the school year 1920 declared invalid, and to recover, with interest, the sum of $67.57, the amount paid by him under protest as the first instalment. He bases his attack on the legality of the tax on four propositions."

The opinion then proceeds to recite the grounds of the attack as follows:

"He first attacks the legality of the organization of the consolidated district, alleging that the board of county commissioners acted without first acquiring jurisdiction. . . . .

"Appellant's second contention is that the tax is illegal because, at the time of the creation of the consolidated district, the school year for the season 1920 and 1921 had started, and the commissioners by the terms of their resolution made it effective immediately upon its passage, instead of at the opening of the next school year. Appellant's third contention is that the tax is illegal because not levied and assessed by an annual meeting of the voters of the district, nor by the board of trustees of the district. Appellant's fourth contention is that the tax is illegal because it was not certified to the county commissioners by the trustees of said district for levy and assessment against his property."

This court proceeded to discuss the four grounds, and as to the first recited that "the defects in the record . . . . might possibly be remedied by additional proof to be supplied in the event of another trial"; that "the second contention of appellant is therefore without merit." As to the third the court held that the county commissioners could not make the levy. Of the fourth the court said:

"The remaining question and the vital one is, was a tax levied by School District No. 34 for 1920?"

—and after considering that matter further said:

"Viewing the matter from any angle, we are constrained to hold that the special tax for the year 1920 was invalid. The conclusion we have reached as to this matter makes it unnecessary to consider further contentions of the appellant. . . . .

"So far as the validity of the organization of the school district is concerned, the defects in the record might be supplied upon another trial. We do not see, however, how any further evidence could be produced which would cure the fatal defects in the tax proceeding.

"The judgment is therefore reversed and the case re- manded to the district court, with directions to enter judg- ment for appellant in accordance with the views expressed in this opinion."

C. S., sec. 6446 provides:

"The court may reverse, affirm or modify any order or judgment appealed from, and may direct the proper judg- ment or order to be entered, or direct a new trial or further proceedings to be had. Its judgment must be remitted to the court from which the appeal was taken."

No new trial was ordered, and none was necessary, for this court had determined that the plaintiff, appellant, was entitled to a judgment in effect "to have the special tax levied against his property by this district for the school year 1920 declared invalid, and to recover, with interest, the sum of $67.57, the amount paid by him under protest as the first instalment."

See *Mountain Home Lumber Co. v. Swartwout*, 33 Ida. 737, 197 Pac. 1027; *Heinlen v. Martin*, 59 Cal. 181; *Cowdery v. London & San Francisco Bank*, 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196.

Whether or not the former opinion was or is *res adjudicata* as to the validity of the organization of defendant district is beside the question. This court declared that while the defects in the record as to the validity of the organization of the district court might be supplied upon another trial, this was unnecessary for a determination of the right of the plaintiff to recover, in that it would not be possible to produce further evidence which would cure the fatal de- fects in the *tax proceeding,* and the judgment was *"there- fore reversed"* with directions to enter judgment for the appellant.

That determination was a final adjudication, which simply required the entry of a judgment to that effect by the trial court. This was the only duty of the trial court. Such judgment, when entered, would be the final determina- tion carrying into effect the judgment of this court. This court determined that no useful purpose could be served

by a new trial. 4 C. J., p. 1185, sec. 3223. No new trial upon the issue of the validity of the organization, or any different result from further evidence introduced upon that point, would have changed the ultimate judgment that the tax proceedings were illegal.

The order granting a new trial is reversed. Costs to appellant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.