[Civ. No. 6609.  First Appellate District, Division Two.—October 11, 1928.]

CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

John J. O'Toole, City Attorney, and Henry Heidelberg and Charles J. McDonnell, Deputies City Attorney, for Petitioner.

Knight, Boland & Christin, Charles A. Christin, Mervyn R. Dowd and Lloyd J. Cosgrove for Respondents.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondent Superior Court to modify an interlocutory judgment in eminent domain proceedings to conform to the verdict of the jury rendered after a trial of the issues.

The petitioner City and County of San Francisco instituted condemnation proceedings to condemn various parcels of real property owned by the various defendants. A trial by jury was demanded and was not waived by any party to the suit. Such a trial was had which resulted in a verdict assessing the damages to one of the defendants in the sum of $8,000 and to another in the sum of $500. When the verdict was returned to the court and entered, counsel for these defendants moved that it be modified by increasing the amount of damages awarded to them by the jury. This motion was resisted by the city, but the trial judge ordered the awards increased and thereupon entered an interlocutory decree in favor of the city permitting it to take the property upon payment to these defendants of damages which he assessed to be $9,000 in the one instance and $1,000 in the other. Upon the entry of this interlocutory decree the city moved the trial court to modify the judgment to conform to the verdict and this motion was denied.

The proceeding in this court is prosecuted on the theory that the trial judge was without jurisdiction to modify the verdict in the manner followed, and that, the interlocutory decree being void on its face for that reason, *mandamus* is the proper remedy to procure the entry of a proper judgment. The petition is resisted on the ground that petitioner has an adequate remedy by appeal. Counsel for respondent also states, but with apparent lack of confidence, that the trial court acted within its jurisdiction in modifying the verdict.

*Mandamus* is an extraordinary remedy issuing to compel an inferior tribunal, body, or person, to perform an act which the law specially enjoins as a duty resulting from an office. It must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. (Secs. 1085, 1086, Code Civ. Proc.) What is a plain, speedy, and adequate remedy in the ordinary course of law is always a question of fact to be determined upon the circumstances of each case, and when it appears that the ordinary remedies would not be plain, speedy, and adequate the court has jurisdiction to entertain the proceeding, and the petitioner is then entitled to the writ as a matter of right. (*Gay* v. *Torrance,* 145 Cal. 144, 148 [78 Pac. 540];

*Larkin* v. *Superior Court*, 171 Cal. 719, 726 [Ann. Cas. 1917D, 670, 154 Pac. 841].)

██ Here it appears that the interlocutory judgment was entered September 14th of this year and that the damages must be paid by the city on or before October 13th. From this fact alone it is apparent that the remedy by appeal would not be adequate, and no other remedy in the ordinary course of law has been suggested.

██ The merits of the case are simple. The state constitution provides that damages in condemnation proceedings must be ascertained by a jury, unless a jury be waived, "as in other civil cases in a court of record." (Art. I, sec. 14.) Section 1248 of the Code of Civil Procedure provides that the court, jury, *or* referee must hear the evidence, "and thereupon must ascertain and assess" the damages to the property involved. Section 664 of the Code of Civil Procedure provides that when trial by jury has been had judgment "in conformity to the verdict" must be entered within twenty-four hours, unless the court order the case reserved for special purposes.

The power of the trial court to enter its own judgment, notwithstanding the verdict of the jury, applies only to those cases where a motion for a directed verdict should have been granted (sec. 629, Code Civ. Proc.), a situation which does not arise here. The power to modify as an alternative to granting a motion for a new trial has been conceded on the theory that the party moving for a new trial is deemed to have consented to the modification by agreeing to remit from the judgment the amount suggested by the trial court. But in cases where a trial by jury has been had as a matter of right the trial judge must enter judgment upon the verdict as rendered unless some such proceedings have been instituted. Respondent has not cited any authority, and we have been unable to find any, which holds that the trial judge may otherwise substitute his judgment for that of the jury and enter a judgment which is not based upon the verdict, in cases where a trial by jury has been had as a matter of right.

It is true the respondent has cited some cases which bear upon the general subject, but they are all readily distinguishable from the case at bar. *Cheerer & Co.* v. *Hutton,* 7 Cal. App. 524 [94 Pac. 849], was a case involving pro-

ceedings upon the report of referees in a condemnation proceeding in which a trial by jury was expressly waived. The appellate court held that the trial court had jurisdiction to modify the report of the referees under the express provisions of the act under which the proceedings were brought. *Adamson* v. *County of Los Angeles*, 52 Cal. App. 125 [198 Pac. 52], was an action in injunction seeking to restrain the county from expending money upon property which it had acquired for a public purpose under eminent domain proceedings. The appellate court having held that the judgment in the eminent domain proceedings had become final and could not be collaterally attacked in that proceeding went on to say that the trial court possessed the power ''on a motion for a new trial'' to amend or modify the verdict of the jury. *County of Los Angeles* v. *Rindge Co.*, 53 Cal. App. 166 [200 Pac. 27], merely held that in similar proceedings the trial court, upon a motion for new trial, had the power to deny the motion upon the stipulation of the county counsel that the verdict of the jury might be modified to correct a manifest error. The point involved in this case was that a miscalculation had been made in the mileage to be covered by fencing the property of one of the defendants whose land was condemned. The jury fixed the cost per mile at $650 and aggregated the total sum at what would represent twenty-nine miles of fencing rather than thirty-one and one-half, the agreed mileage to be covered. *City of Los Angeles* v. *Hughes*, 202 Cal. 731 [262 Pac. 737], has no application to any point involved in the case. The damages were there fixed by referees appointed on the stipulation of the parties and the question was the propriety of the court's action in modifying the referees' report. This report having the effect of a special verdict (sec. 645, Code Civ. Proc.), the judgment which followed it could be set aside or modified if based upon incorrect or erroneous conclusions of law not supported by the referees' findings. (Sec. 663, Code Civ. Proc.) The question involved in the Hughes case was whether the damages assessed were computed upon an erroneous conception of the legal rights of the parties.

Respondent argues that, inasmuch as the interlocutory decree recites that it was entered on motion of the plaintiff in that case, we must assume that the plaintiff con-

sented to all terms of the decree—including the increased award. But the plaintiff protested against this feature and urged the lack of jurisdiction in the Superior Court to modify the verdict. The decree was entered solely to comply with the terms of section 664 of the Code of Civil Procedure, and does not indicate consent on the part of the plaintiff to this change. Consent is nothing more than a contract, and, of course, one of the prime essentials of a contract is intent. Here every presumption of intent is lacking.

We are satisfied that the trial court was without jurisdiction to modify the verdict on the motion of the defendants, and as this want of jurisdiction appears upon the face of the interlocutory decree it is a proper case for the modification of that decree to conform to the verdict as rendered. . Let a writ issue as prayed.

Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 8, 1928, and a petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 10, 1928.

Curtis, J., dissented.