[Civ. No. 10719. Second Appellate District, Division One.—June 18, 1936.]

OTTO S. SNOFFER, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Arthur Loveland, Deputies City Attorney, for Appellant.

E. H. Delorey for Respondent.

WHITE, J., *pro tem.*—This is an appeal by the defendant city from an order made by the superior court granting plaintiff a new trial.

Plaintiff and respondent is the owner of a parcel of land fronting upon La Brea Avenue in the City of Los Angeles. He brought this action in the lower court against the defendant and appellant, City of Los Angeles, for $2,369 damages

alleged to have been suffered by reason of the improvement of said La Brea Avenue.

The case was tried before a jury, which rendered a verdict for the plaintiff in the sum of $300. Respondent then made a motion for a new trial, which was granted. Defendant city appealed from the judgment rendered by the superior court upon said verdict and from the order granting respondent a new trial.

This court reversed the order granting respondent a new trial and the judgment rendered therein, and further directed the trial court to enter judgment for the appellant city. (*Snoffer* v. *City of Los Angeles*, 6 Cal. App. (2d) 14 [43 Pac. (2d) 852].) Following the decision of this court, respondent petitioned us for a rehearing, which was denied; and a subsequent petition to the Supreme Court for a hearing met the same fate.

Upon the going down of the *remittitur* from this court, judgment was entered for defendant city and against respondent, as ordered; whereupon respondent again made a motion for a new trial, which the trial court granted. On the ground that the trial court erred in granting the motion for a new trial, defendant city prosecutes this appeal. In the aforesaid decision this court held that the respondent herein, having failed to file objections to the proposed municipal improvements within the time fixed by the ordinance of intention in connection with such improvements, was barred by reason of his failure from prosecuting an action to obtain damages for an alleged injury to his property.

Respondent contends that the lower court was justified in granting the motion for a new trial on the authority of the case of *Cottle* v. *City of Los Angeles*, (Cal. App.) 43 Pac. (2d) 861, decided some two weeks subsequent to our decision (6 Cal. App. (2d) 14 [43 Pac. (2d) 852]) in this case; in the Cottle case the facts were identical with the facts in the instant case, except that the procedure was as to two different streets. In the Cottle case the District Court of Appeal decided that notice to property owners similar to that given in the instant case was not sufficient, and that failure to protest within the time allotted in the ordinance of intention was not fatal to the prosecution of the property owner's claim for damages. However, the Supreme Court took over the Cottle case (5 Cal. (2d) 140 [53 Pac.

(2d) 361]) and reversed the judgment of the superior court awarding damages, citing this court's opinion in the instant case (6 Cal. App. (2d) 14 [43 Pac. (2d) 852]) with approval.

Respondent also cites the case of *Ambassador Holding Corp.* v. *City of Los Angeles,* (Cal. App.) 51 Pac. (2d) 899. In this latter case a hearing has been granted by the Supreme Court, and the matter is now pending therein. For that reason the law stated in that case may not be accepted as final.

However, aside from respondent's attack upon the decision of this court in this case upon the previous appeal, we are of the opinion that the decision in that case, based as it was upon a question of law, becomes, by reason of our decision, the law of this particular case, and was and is thereafter, in all subsequent stages of the case, binding not only upon the trial court but upon this court when again brought before us. When a cause is remanded, as in this case, not for retrial, but to give effect to the decision on appeal, the trial court can take no further proceedings except such as are necessary to give effect to the judgment of the appellate court. (*Soule* v. *Dawes,* 14 Cal. 247; 2 Cal. Jur. 1052.)

When a cause is remanded with directions to enter a particular judgment, it is the duty of the trial court to enter judgment in conformity with the order of the appellate court, and that order is decisive of the character of the judgment to which the appellant is entitled. The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void.

A decision on appeal, upon becoming final, establishes the law of the case, and where, as in this case, there were no changes in the pleadings or findings, and no retrial of the case, on a second appeal such decision is conclusive, and that is so even though the appellate court should have reached a different conclusion on the former appeal. (*Gordon* v. *Green,* 66 Cal. App. 303, 306 [225 Pac. 872].)

Respondent contends that on a new trial of this case there may be certain amendments allowed to the complaint, and several new theories set forth as to plaintiff's right of recovery, but we fail to see what amendments could be made, in view of plaintiff's stipulation in the original trial of this cause in the lower court that he failed to file his objections or protest within the legally constituted time, and our holding

that such failure constituted a bar to his claim for damages. On a question of law this court decided that respondent was not entitled to damages, and that his claim, therefore, was barred. That order of this court, as contained in the *remittitur*, is conclusive upon the trial court, and determines decisively the nature and character of the judgment to be entered. The trial court, therefore, was in error in granting respondent's motion for a new trial.

For the foregoing reasons, the order by which respondent's motion for a new trial was granted is reversed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1936.