[Civ. No. 14151. First Dist., Div. One. May 4, 1949.]

R. H. McCULLOCH, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents; ALPHONSUS LIGUORI et al., Real Parties in Interest.

642

Ernest I. Spiegl for Petitioner.

Norman S. Menifee for Respondents and Real Parties in Interest.

BRAY, J.—This proceeding is the aftermath of our decision in *McCulloch* v. *Liguori*, 88 Cal.App.2d 366 [199 P.2d 25], and is based upon a petition for a writ of mandate, certiorari or prohibition, whichever is appropriate, to undo the action of the trial court in granting a new trial in the above mentioned case. On such petition, we issued an alternative writ of mandate.

## FACTS

There is no dispute as to the facts. In the Liguori case we reversed the judgment of the trial court insofar as it denied recovery to the plaintiff in excess of the sum of $750, and directed that court, inasmuch as there was no conflict in the evidence on the question of damages, to enter judgment in favor of plaintiff in the sum of $6,960. Upon the return of the remittitur, the trial court entered judgment in accordance with our directions. Thereafter defendants filed a notice of intention to move for a new trial specifying all seven grounds provided by section 657, Code of Civil Procedure. At no time did defendants file any affidavits to be used on the motion. When 10 days had expired after the service of the notice of intention and no affidavits had been served or filed plaintiff filed a notice of motion to strike from the files the notice of intention to move for a new trial. This motion was heard at the same time the motion for a new trial was heard and was denied. The motion for a new trial was granted.

## QUESTIONS INVOLVED

These are: (1) Did the trial court have the power to grant the motion for new trial? (2) As petitioner has a right of appeal from the order granting the new trial, can and should mandamus issue?

### 1. *The Order Granting New Trial Was Void*

The order is based on two grounds therein set forth: (1) "insufficiency of evidence to sustain the judgment" and (2) "for the purpose of permitting the introduction of additional evidence on the issue of damages." As to the second ground, there was no showing before the court that there was in existence additional evidence on the subject. The only ground provided by the code upon which a new trial can be granted to permit the introduction of additional evidence (other than the ground of insufficiency of evidence, which will be discussed hereafter) is that of newly discovered evidence, provided in subdivision 4 of section 657 of the Code of Civil Procedure. But under section 658, when the application for new trial is made for that cause, *it must be made upon affidavits,* and there were none. Respondents concede that so far as this ground is concerned the court was in error, unless, as they contend, a trial court, in addition to the power mentioned in section 657, has the inherent power to grant a

new trial. No cases are cited, and we have been unable to find any, upholding this theory. Section 657 sets forth seven grounds for new trial, four of which under section 658 must be based upon affidavits. It is obvious that the court's power to grant new trials is restricted to the grounds and to the method provided by the statute. There is no inherent power (except in cases of extrinsic fraud, not here present) to grant new trials. (*Spiegelman* v. *Bowlus*, 15 Cal.App.2d Supp. 765 [59 P.2d 225] ; see, also, *Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 P. 486].)

Respondents contend that section 662 of the Code of Civil Procedure gives a court the power to grant a new trial regardless of section 657. However, section 662 begins, "In ruling on such motion" the court may, among other things, grant a new trial. It is clear that the powers given to the court under this section are dependent upon a valid motion having been made pursuant to section 657.

■ The main question here is whether, where, as in this case, the higher court has found that there is no conflict in the evidence and has directed the trial court to enter a certain judgment, the latter court has any power to grant a new trial on the ground of insufficiency of the evidence to warrant that judgment. To ask the question is to answer it. In the Liguori case we held (p. 382) "there is no conflict in the evidence" as to damages. We found not only that the evidence is sufficient to support the judgment directed, but also that there is no evidence to the contrary. In other words, as a matter of law, the evidence *compels* but one judgment. That finding becomes the law of the case, and being such, the trial court has no power to disregard or overrule it. To hold otherwise would be to permit a retrial on the very issue decided by this court.

In *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970], the court was considering the right of an appellate court to make findings and to direct a judgment contrary to those of the trial court, and pointed out that the higher court could do so where it could be declared, as matter of law, that the respondent "could not make a substantial showing in support of his cause if a new trial were had, or that the respondent could not, or should not in the interests of justice, make or be permitted to make a further showing upon a retrial if one should be had." (P. 270.) The court said further (p. 269) : "It may be true in a practical sense that the judgment on appeal may so establish the law of the case as to make further pro-

ceedings in the trial court or a subsequent appeal from the directed judgment futile.''

That a motion for new trial on the ground of insufficiency of the evidence does not lie in a case of this kind is well established. ''On a question of law this court decided that respondent was not entitled to damages, and that his claim, therefore, was barred. That order of this court, as contained in the *remittitur*, is conclusive upon the trial court, and determines decisively the nature and character of the judgment to be entered. The trial court, therefore, was in error in granting respondent's motion for a new trial.'' (*Snoffer* v. *City of Los Angeles*, 14 Cal.App.2d 650, 654 [58 P.2d 961].) ''The trial court having entered the judgment in the exact form directed by this court exhausted its jurisdiction to entertain a motion for new trial from that directed judgment . . .'' (*Kramer* v. *Superior Court*, 35 Cal.App.2d 239, 242 [95 P.2d 158]. See, also, *Berry* v. *Maywood Mut. W. Co. No. One*, 13 Cal.2d 185 [88 P.2d 705] ; *Buttram* v. *Finley*, 73 Cal.App. 2d 536 [166 P.2d 654].)

The motion to strike the notice of intention to move for a new trial should have been granted. The court had no power to grant a new trial for insufficiency of the evidence, because the law of the case held that the evidence was not only sufficient but compelling, and as no affidavits were filed, the court had no power to grant a new trial for the purpose of introducing additional evidence.

2. *Mandamus an Appropriate Remedy*

While petitioner has asked in the alternative for mandate, certiorari or prohibition, mandate is the appropriate remedy.

In *Harris* v. *Municipal Court*, 209 Cal. 55 [285 P. 699], the petitioner sought mandate to compel the trial court to terminate a misdemeanor prosecution for failure to bring the case to trial within a reasonable time. The court held (p. 65) : ''Under the admitted facts there was no justifiable reason for the respondent court to refuse to dismiss the action against the petitioner. An abuse of discretion was thereby committed to correct which, under the authorities in this state above cited, the writ of *mandamus* is available to the petitioner.'' In *Andersen* v. *Superior Court*, 187 Cal. 95 [200 P. 963], the petitioner sought mandate to compel the superior court to dismiss a civil case which had not been brought to trial within the five-year period. It was argued that mandate would not

lie because it was contended that the matter of dismissal was discretionary with the trial court. The opinion pointed out that the requirement to dismiss after five years is mandatory and not discretionary, and hence mandate was the proper remedy to compel the trial court to perform its duty. Under the circumstances of our case, the trial court had no discretion even to consider the motion for a new trial. It was mandatory that the court should have denied it. Hence, mandate will lie to compel the court to perform its duty.

Respondents contend that mandate should not issue because the petitioner has the right to appeal from the order granting the new trial (although not from the order denying the motion to strike), and it is claimed such a remedy is an adequate one. "The existence of a remedy by appeal generally precludes resort to mandamus. [Citing cases.]" (*Kahn* v. *Smith*, 23 Cal.2d 12, 16 [142 P.2d 13].) However, there is an exception to this rule, and that is in cases where the remedy of appeal is not speedy and adequate. As said in *LaMar* v. *Superior Court*, 87 Cal.App.2d 126, 132 [196 P.2d 98]: "The question whether the legal remedy is speedy and adequate is always a matter to be determined by the court to which the application is made (*Jensen* v. *McCullough*, 94 Cal.App. 382, 393 [271 P. 568]) and the court should act in such manner as will promote justice and conclude the controversy without delay. Even though the order is appealable, mandate is available and the writ will issue if the remedy by appeal is not speedy and adequate. (*Archer* v. *Superior Court*, 81 Cal. App. 742, 745 [254 P. 939]; *Edwards* v. *Superior Court*, 88 Cal.App. 260, 262-3 [263 P. 347]; *Holtum* v. *Grief*, 144 Cal. 521, 527 [78 P. 11]; *Evans* v. *Superior Court*, supra [20 Cal. 2d 186 (124 P.2d 820)]; *Sullivan* v. *Superior Court*, supra [185 Cal. 133 (195 P. 1061)]; *San Francisco* v. *Superior Court*, supra [94 Cal.App. 318 (271 P. 121)].) . . .

"Especially applicable to the situation now before us is the case of *Holtum* v. *Grief*, 144 Cal. 521 [78 P. 11], where it is said (p. 527): 'The appeal, in the ordinary course, would not be decided for a long time, and pending the appeal there would be no security for the payment of the judgment. And, besides, nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete.' In the instant case there would be no security for payment pending the appeal and the reversal of the order would leave petitioner in the position he is now in—he has

a right to the money but he is without the means of enforcing such right.''

Under the authorities, even though the general rule is that where the petitioner has the right of appeal, mandate will not issue, the issuance of such a writ in such a situation is a matter discretionary with this court. Here there is the delay and expense attendant upon an appeal and the fact that on the appeal the very question which we determined on the prior appeal would be presented. In the words of *Holtum* v. *Grief* (144 Cal. 521 [78 P. 11], quoted above), ''nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete.'' These considerations, plus the fact that there would be no security for the payment of the judgment, requires that, in the ·exercise of our discretion, the writ of mandate shall issue.

A peremptory writ of mandate is ordered to issue commanding the superior court to enter its order granting petitioner's motion to strike from the record defendants' motion for a new trial and all proceedings thereunder in *McCulloch* v. *Liguori*, No. 41437, records of the Superior Court of the State of California in and for the County of San Mateo, including the order granting a new trial.

Peters, P. J., and Ward, J., concurred.