285 P.2d 471

Frank J. SACCOMANO, Philip Naccarato, Frank A. Naccarato, and Joseph E. Bombino, Plaintiffs-Respondents,

v.

NORTH IDAHO SHINGLE COMPANY, Inc., an Idaho Corporation, and J. B. Thompson, Receiver for the North Idaho Shingle Company, Inc., Defendants-Appellants.

No. 8152.

Supreme Court of Idaho.

June 21, 1955.

Stephen Bistline, Sandpoint, Blake & Givens, Lewiston, for appellants.

McNaughton & Sanderson, Coeur d'Alene, Bandelin, Bandelin & Ponack, Sandpoint, for respondents.

KEETON, Justice.

This case was before this Court on a former appeal. Saccomano v. North Idaho Shingle Company, Inc., 73 Idaho 284, 252 P.2d 518. The remittitur was filed in the district court January 30, 1953. The district judge, pursuant to the mandate, filed on July 13, 1953, partial findings of fact and conclusions of law and reserved for litigation and determination the liability of plaintiffs to the receiver on matters specified by this Court; directed the sale of the corpora-

tion assets, and decreed priority of payments from funds received.

The partial findings of fact and conclusions of law so filed are not here attacked by either party on the grounds that such findings and conclusions are not conformable to the mandate and remittitur.

On February 6, 1953, and prior to the filing of any findings of fact or conclusions of law, appellants gave notice of their intention to move for a new trial on the grounds, among others, of newly discovered material evidence; that the evidence given to support the judgment ordered entered by the Supreme Court was obtained by false testimony; that other evidence is now available to prove the falsity of the testimony of certain witnesses. An affidavit supporting the motion for a new trial was filed March 24, 1953. Subsequent to the filing of the partial findings of fact and conclusions of law, appellants moved for a new trial and renewed the former motion.

The motion for a new trial was by Honorable Clay V. Spear, District Judge denied. Appeal from such order was taken to this Court.

The affidavit supporting the motion for a new trial claims that appellants can now prove, by newly discovered evidence, that respondents were the owners and in possession as owners of the assets of the corporation subsequent to the time the receiver was appointed, or were in possession as stockholders of the North Idaho Shingle Company; that certain assets have been discovered that the receiver is entitled to possession of. Such proof is alleged to consist of various receipts, income tax returns, checks, reports to the Employment Security Agency, and correspondence and documentary evidence not obtainable or presented in the trial of the cause, and now available; that subsequent to the appointment of the receiver (June 13, 1949), money in a bank belonging to the Company was used to pay notes of some of the respondents; that certain assets, particularly a bank account, were hidden and concealed and not turned over or paid to the receiver.

Certain matters and issues left for determination by the trial court have neither been heard nor decided. In the opinion by this Court, Saccomano v. North Idaho Shingle Company, Inc., supra, respondents were made responsible to the receiver for their illegal possession and operation of the Company's property, and were required to pay to the receiver the reasonable rental value of all property so possessed and used by them, and were specifically made liable for any decrease in the value of the property during their period of illegal possession, and were further required to account to the receiver for the value, with interest, of any equipment, property or material belonging to the Company, or which they acquired by contracts for raw material made by the Company prior to the receivership, and which they have not or cannot return to the receiver. This Court specifically held

that respondent's operation of the mill and the use of the Company's property, subsequent to the appointment of the receiver, was without legal right and that any debts incurred during such illegal operation were not chargeable to the Company. If the Company's property decreased in value during its operation and use by respondents (appellants in the former appeal) subsequent to the appointment of the receiver, respondents here were made liable for the difference in value.

■ When the receiver was appointed, June 13, 1949, he was entitled to the custody of all the property of the corporation including all assets existing on that date. If any such property was not delivered to him it should have been. By the terms of the decree in Saccomano v. North Idaho Shingle Company, Inc., supra, respondents and each were required to account to the receiver for such property claimed to have been concealed or assets of the corporation wrongfully retained by respondents.

Whether respondents were in possession of the Company's property and the assets of the corporation as trespassers or claimed stockholders of the Company, the possession was wrongful and this Court in its decision imposed full responsibility for all respondents' acts in connection with their unauthorized possession and operation of the mill.

The motion for new trial is not now entertainable.

■ After reversal or modification of a judgment by an appellate court and the appellate court has specifically directed certain proceedings to be had and a judgment to be entered in a certain way, the trial court cannot thereafter entertain a motion for a new trial without the permission of the appellate court. The judgment to be entered in such cases is that of the appellate court over which the trial court has no jurisdiction.

■ The inferior court is bound by the decree of the appellate court and must carry it into execution according to the mandate. Smith v. Canyon County, etc., 44 Idaho 187, 255 P. 642; Chandler v. McKeel, 166 Okl. 254, 27 P.2d 353; Snoffer v. City of Los Angeles, 14 Cal.App.2d 650, 58 P.2d 961; Kramer v. Superior Court, 35 Cal. App.2d 239, 95 P.2d 158; Carter v. Superior Court, 96 Cal.App.2d 388, 215 P.2d 491; McCulloch v. Superior Court, 91 Cal.App.2d 641, 205 P.2d 689; Day v. Ward, 137 Okl. 62, 277 P. 935; Meyer v. Goldsmith, Mo., 196 S.W. 745; Goldsmith v. Meyer, 246 U.S. 678, 38 S.Ct. 316, 62 L.Ed. 934; Hampton v. Superior Court, 38 Cal.2d 652, 242 P.2d 1.

■ Under the circumstances presented and above outlined, the order denying the motion for a new trial is affirmed. Costs to respondents.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.