[Sac. No. 2942. In Bank.—June 20, 1921.]

## NORTHERN CALIFORNIA POWER COMPANY, CONSOLIDATED (a Corporation), Appellant, v. MOLLIE FLOOD, Respondent.

[1] WATERS AND WATER RIGHTS—PRESCRIPTIVE RIGHTS—QUANTITY OF WATER—BENEFICIAL USE.—The right to the use of waters of a stream may be acquired, as against others entitled thereto, by taking and beneficially using the same adversely and continuously under a claim of right for a period of five years, but in such a case the right, with respect to the quantity of water therein, extends only to the quantity actually put to a beneficial use, and the fact that one has a ditch running through his land which he keeps full of water diverted from a stream does not give him any right to such water against others who have rights therein, and the use of all the water in the ditch, or a specific portion thereof, for only a part of the time, is not a sufficient use to give title to that quantity of water continuously.

[2] ID.—USE OF WATER UNDER CLAIM OF PAROL SALE—TITLE BY PRESCRIPTION.—Use of water with knowledge of the owner under a claim based upon a verbal agreement of sale is adverse, and if continued uninterruptedly for five years creates a prescriptiove title to the quantity actually used, even if the sale of water by parol agreement was invalid.

[3] ID.—PAROL SALE OF WATER—VALIDITY.—A parol sale of a water right is not invalid where the purchase money is paid in full and immediate possession taken of the right by taking and using the water.

[4] ID.—WATER RUNNING TO LAND—APPURTENANCE.—Water running in a ditch from a natural stream to a parcel of land, to be used for beneficial purposes thereon, is a species of real property, and the right to take it and so use it is an appurtenance to the land.

[5] ID.—INTERRUPTION OF USER—PRESCRIPTIVE TITLE NOT LOST.—A prescriptive title to water in a ditch obtained by adverse and continuous user for five years is not lost by subsequent interruption for less than five years.

[6] ID.—TITLE BY PRESCRIPTION—CONTINUITY OF USE.—A right to the use of water for irrigation of land may be acquired by prescription, without showing that the water is actually kept running upon the land all the time, and its use by the claimant at the time when it is necessary and under a claim of right, without molestation by others interested, and with their knowledge, actual or implied, is sufficient with respect to the continuity of the use, although there may be many days or weeks during which he does

not use it at all; and if he has used it continuously for a certain period each day long enough to gain a prescriptive right to such use, he has the right only for that period and cannot lawfully object to the use by others of the flow during the intervening time.

APPEAL from a judgment of the Superior Court of Shasta County. J. E. Barber, Judge. Reversed.

The facts are stated in the opinion of the court.

Carr & Kennedy for Appellant.

Jesse W. Carter, John H. Tolan and Albert C. Agnew for Respondent.

SHAW, J.—The plaintiff appeals from the judgment.

The complaint states a cause of action to quiet title of the plaintiff in and to a certain water ditch known as the "Asbury Ditch," and in and to the right to divert into said ditch from Mill Seat Creek sufficient water to fill the ditch, and the right to use said water for beneficial purposes and carry the water in said ditch and its connecting waterways to the place of use.

The defendant in answer alleged that she was the owner of 160 acres of land and the owner of a right by prescription to use for beneficial purposes thereon one-fourth of the water diverted into and flowing in said ditch, and the right to maintain and use said ditch for the purpose of conducting that portion of the waters thereof from said creek to her said land.

The findings are that the plaintiff and defendant, as tenants in common, are the owners of said ditch and of the right to divert into the ditch the waters of Mill Seat Creek to the extent of a flow of one thousand four hundred inches measured under a four-inch pressure, that defendant is the owner of the right to use one-fourth thereof, which is found by the court to be the equivalent of 350 inches measured under a four-inch pressure, during the irrigating season of each year for beneficial purposes on her said land. It is further found that for twenty years next before the beginning of the action defendant and her predecessors in interest, under claim of right, and continuously during the irrigating season of each year, had used all of said 350

inches of water on said 160 acres of land now belonging to her, and that the use thereof was and is necessary for the proper cultivation of said land and for the raising of crops thereon. It further appears that the plaintiff is the owner of a tract of land known as the Myers place, situated on said ditch below the land of defendant, and that after the defendant had used so much of said 350 inches as she desired on her said land the surplus was allowed to run down the ditch for use on said Myers place. The evidence shows that the Myers place contains two hundred acres of land.

The judgment declared that plaintiff and defendant were owners in common of the Asbury Ditch, that plaintiff had the right to take all the waters therein, at all times, except that during the irrigating season of each year the defendant had the right to have flow down in said ditch through her land water from said creek amounting to 350 inches, as aforesaid, and to use said 350 inches on her land, but that she should allow whatever remained after such use to flow down the ditch to the said Myers place for the use of the plaintiff.

The plaintiff claims that the evidence is insufficient to support the finding that the defendant is the owner of or entitled to use the 350 inches of water as aforesaid.

The evidence shows that the Asbury Ditch and its connecting waterways extended from a headgate on Mill Seat Creek down to and through the land belonging to the defendant and from thence on down to, through, and beyond the said Myers place. Without detailing the evidence at length it is sufficient to say that it shows that the defendant has acquired a prescriptive right against the plaintiff and its predecessors in interest to use water of said creek from said ditch on her land, and the right to the use of the ditch as a means of conveying said water from the headgate of the ditch in the creek to said land. The only important question on the point of her water right is as to the quantity of water to which she is entitled.

With respect to the quantity of water used by the defendant the evidence is altogether indefinite and uncertain. Indeed, there was no attempt to prove the use of any specific quantity of water for any particular time. The evidence was sufficient to show that the ditch running through the

defendant's land was kept running full of water during the irrigating season, but how much thereof, or how many miner's inches thereof, was taken out by her and applied to her land was neither shown nor attempted to be shown. The evidence shows that the total amount of land irrigated for crops was twenty acres, including about eighteen acres of alfalfa and an acre and a half of orchard. There was no use of the water other than for irrigation, watering stock, and domestic purposes. There is some evidence that when water was not used on the alfalfa or orchard it was allowed to run over some eight or ten acres of pasture land for the purpose of making the grass grow for pasture. There is nothing to the effect that these uses required that the 350 inches of water should flow out of the ditch and upon the fields during the whole season. The defendant seems to have assumed that a perfect right to the water could be established by proof that the ditch was kept running full during that period. There was no testimony directed to the purpose of establishing the quantity of water taken and actually used on the land.

[1] The right to the use of waters of a stream may be acquired, as against others entitled thereto, by taking and beneficially using the same adversely and continuously under a claim of right for a period of five years. But in such a case the right, with respect to the quantity of water therein, extends only to the quantity actually put to a beneficial use. The fact that one has a ditch running through his land which he keeps full of water diverted from a stream does not give him any right to such water against others who have rights therein. In order to gain a right to the water the diverter must actually use it and the quantity used measures the extent of his right. The use of all the water in the ditch, or a specific portion thereof, for only a part of the time, is not a sufficient use to give title to that quantity of water continuously. For example, if twenty acres of land requires irrigation once a month during the irrigating season and the entire flow of the ditch for two days is necessary to accomplish one irrigation, the fact that the claimant has used the water in that manner once a month during every irrigating season does not give him the right to the entire flow during the intervals of non-use. If others are using the water during such intervals

of nonuse by him, his right would include only one-fifteenth of the full flow of the ditch. We emphasize this point because we have found that in recent cases the question of the duty of water seems to have received very little attention. From comparison with many other cases on the subject, we are disposed to doubt whether the use of a continuous flow of seventeen and a half miner's inches of water for each acre irrigated can ever be necessary, or can ever be otherwise than excessive and wasteful.

There are some other questions which deserve notice.

[2] The evidence tended to show that the water right of the defendant was acquired originally by one King from Asbury, the original appropriator, by a verbal agreement for the sale of thirty inches of the water flowing in the ditch, and that thereafter King and his successors in ownership of the Flood tract, claiming under said purchase, used upon the land such part of the waters flowing in the ditch as they deemed necessary from time to time and that this use was made with the knowledge of Asbury and his successors. Such a use by King and his successors claiming under the verbal agreement would be adverse to Asbury and to others holding under him, and if continued uninterruptedly for five years it would create a prescriptive title to the quantity actually used, even if the sale of water by parol agreement were invalid. The evidence in this case indicates that a prescriptive title had been acquired in that manner. [3] Such parol sale, however, is not invalid. [4] Water running in a ditch from a natural stream to a parcel of land, to be used for beneficial purposes thereon, is a species of real property, and the right to take it and so use it is an appurtenance to the land. The purchase money for the thirty inches was paid in full, and King at once took possession of the right by taking and using the water in pursuance of the sale, and he and his grantees have ever since continued to do so, except as interrupted after the year 1909, by the wrongful acts of the plaintiff and its predecessors in interest. Consequently the defendant has a complete equitable title as against the plaintiff to the thirty inches so purchased by King from Asbury.

[5] With respect to the claim to a greater quantity it may be further stated that there was evidence of use for a period of five years, continued in such a manner as to

create a prescriptive title. Such title would not be lost by subsequent interruption for less than five years. Such a right constituted a servitude upon the original title of Asbury, and the nonuse thereof would not extinguish it unless the nonuse continued for the period of five years. (Civ. Code, sec. 811, subd. 4, sec. 1007.)

[6] A right to the use of water for irrigation of land may be acquired by prescription without showing that the water is actually kept running upon the land all the time. Irrigation, as usually practiced, is required only at intervals during the season. If the claimant takes the water and uses it at the time when it is necessary to do so, and does this under claim of right, without molestation by others interested in the stream or ditch, and with their knowledge, actual or implied, it will be sufficient with respect to the continuity of use, although there may be many days or weeks during which he does not use it at all. The evidence leaves the question of the use of the water during the night time uncertain, not showing clearly whether the continuous use spoken of was during the day only or both day and night for the entire irrigating season. The value of water for irrigation is too great in this state to allow a land owner to gain a right thereto for the entire twenty-four hours of each day by using the same for only a half or any other portion of the time less than the whole. If he has used it continuously for a certain period each day long enough to gain a prescriptive right to such use, he would have the right only for that period and he could not lawfully object to the use by others of the flow during the intervening time of each day.

The point is raised that the plaintiff is and has been applying the water to public use and that the defendant has allowed that public use to be established and continued without objection for so long a time that she is now estopped to assert her own right to a part thereof and is limited to an action for damages, under the doctrine stated in *Miller & Lux* v. *Enterprise etc. Co.*, 169 Cal. 424, [147 Pac. 567], and cases there cited. The answer to this objection is that the evidence shows that she did object to the plaintiff's conduct in taking all of the water and has continued to object ever since it began, and has interrupted the plaintiff's use many times and appropriated to her own use the share

of the water which she claims the right to use. While there is no express finding on the point, it is included in the general findings of ownership, and the complaint that the court did not find on this subject is without foundation.

We are satisfied with the conclusions of the court on all the points except as to the quantity of water to which the defendant is entitled. There is no necessity for a new trial of any other issue. Upon the going down of the *remittitur* the lower court is directed to proceed to try the issue as to the quantity of water to which the defendant has gained the right by prescription, or under the parol sale to King, or both, and when it shall have found the quantity to which she is so entitled, to render judgment accordingly securing to her the right thus determined.

The judgment is reversed and the cause is remanded to the court below, with directions to try the single issue above stated and thereupon to render a new judgment upon that and the other findings in the cause.

Wilbur, J., Olney, J., Sloane, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.