[Civ. No. 13987.  Second Dist., Div. Two.  June 25, 1943.]

FRIEND W. RICHARDSON, as Superintendent of Banks, etc., Respondent, v. HERMAN MICHEL et al., Appellants.

Jennings & Belcher, Ivan G. McDaniel and George C. Lyon for Appellants.

Clyde Doyle and Henry F. Walker for Respondent.

MOORE, P. J.—This is the second appeal. The original judgment herein was entered to set aside conveyances alleged to have been fraudulently made by defendant, Herman Michel. Prior to the filing of this action, plaintiff had obtained a money judgment against such defendant. At the conclusion of the first trial of this case the court made findings to the effect that all of the transfers of the property made by defendant, Herman Michel, to the Michel Investment Company were in fraud of creditors and were simulated transfers and were not intended to divest him of his ownership thereof. With reference to the plea of the statute of limitations, finding No. 22 was as follows:

"22. The causes of action in plaintiff's complaint are not, nor is any one of them, barred by the provisions of Section 338, Subd. 4, or of Section 318, or of Section 319, or of Section 338, Subd. 1 or 3, or of Section 341, Subd. 1, or of Section 343 or of Section 359 or of any other Section of the Code of Civil Procedure of the State of California, or by any Statute of Limitations."

Following the findings, the court concluded as follows:

"(1) Defendant Herman Michel is the owner of all of the said property, real and personal, which he purported to transfer to defendant Michel Investment Company.

"(2) The purported transfers from Defendant Herman Michel to Defendant Michel Investment Company were fraudulent and are absolutely void as against plaintiff herein.

"(3) Plaintiff is entitled to judgment requiring defendants to deliver up all of the property found under the foregoing Findings of Fact to belong to Defendant Herman Michel, so that so much thereof may be sold as may be necessary to satisfy said judgment in favor of plaintiff in said cause of Edward Rainey v. Herman Michel.

"(4) Plaintiff is entitled to an injunction against defendants restraining them, or any of them, from disposing or encumbering any of said property, real or personal, or any interest therein, until said judgment in said cause of Edward

Rainey v. Herman Michel has been satisfied in full, together with plaintiff's costs in this present action.

"(5) Plaintiff is entitled to a decree appointing a Receiver to take possession of all of the real and personal property found by the foregoing Findings of Fact to belong to Defendant Herman Michel, and to sell so much thereof as shall be necessary to satisfy said judgment and plaintiff's costs herein." Pursuant to such conclusions, judgment was entered as follows:

(1) That the transfers by Herman Michel of the properties were fraudulent and void as to plaintiff and that as to plaintiff the title to the properties remained in defendant Herman Michel;

(2) That the transfer from Herman to the Michel Investment Company was simulated and was not intended to and did not pass the ownership;

(3) That plaintiff is entitled to have the properties subjected to the payment of a judgment held by plaintiff against Herman;

(4) That the amount of the judgment held by plaintiff against Herman is the sum of $99,805.44 with interest and cost of the appeal of Herman from the money judgment;

(5) That a receiver is to be appointed for the properties and for satisfying the judgment held by plaintiff;

(6) That defendants are enjoined from disposing of or encumbering the properties until the money judgment of plaintiff shall have been fully satisfied;

(7) That upon the sale of any of the properties defendants are barred and foreclosed of any right, title, or interest in and to such properties.

On the appeal from the foregoing judgment (45 Cal.App. 2d 188 [113 P.2d 916]) the court determined against the appellants on all issues with respect to the alleged fraudulent conveyances and concluded that (page 202) the fraud issue was thoroughly tried and that the findings on that issue were supported by overwhelming evidence; but that the issue as to the statute of limitations, in effect, was not tried at all; "that the respondent if he so desires, should be permitted to amend his complaint, and the material facts should be ascertained and that issue decided upon the evidence produced.

"The judgment is reversed and the cause remanded for a retrial on the sole issue as to the statute of limitations, with directions to the trial court to make the appropriate finding,

to enter judgment in favor of the defendants if the action is found to be barred by the statute, and if the contrary is found to enter judgment in favor of the plaintiff for the amount of the original judgment, with accrued interest.''

The remittitur filed with the superior court following the order of reversal is as follows:

''The above entitled cause having been heretofore fully argued, and submitted and taken under advisement, and all and singular the law and premises having been fully considered,

''It is ordered, adjudged and decreed by the court that the judgment of the Superior Court in and for the County of Los Angeles in the above entitled cause, be and the same is hereby reversed and the cause remanded for a retrial on the sole issue as to the statute of limitations, with directions to the trial court to make the appropriate finding, to enter judgment in favor of the defendants if the action is found to be barred by the statute, and if the contrary is found to enter judgment in favor of the plaintiff for the amount of the original judgment, with accrued interest. Appellants to recover costs on appeal.''

At the second trial, the parties stipulated in open court as follows:

''That a retrial of this action would result, under the decision of the District Court of Appeal, reversing the judgment heretofore rendered by the court, in a finding that the cause of action is outlawed by Section 338 (4) of the Code of Civil Procedure.''

Following the stipulation which was made in open court, the court made and filed an amendment to the findings and conclusions striking finding 22 as originally entered and in lieu thereof found as follows: ''The causes of action in plaintiff's complaint are and each of them is barred by the provisions of section 338, subd. 4 of the Code of Civil Procedure.''

Following such finding the court struck items 3, 4, and 5 contained in the original Findings and concluded as follows:

''Plaintiff is not entitled to judgment against defendants or any of them for the reason that the claims of plaintiff against defendants, and each of them, are barred by the provisions of section 338, subdivision 4, Code of Civil Procedure, and defendants and each of them, are entitled to a decree giving judgment to defendants except that plaintiff is entitled to recover his costs therein in the sum of $.......''

The judgment entered following the amendments to the findings and the conclusions is as follows:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that:

"1. The transfer by defendant Herman Michel to defendant Michel Investment Company of the properties described in the Findings of Fact herein, and purported transfer of the Stanislaus County Ranch from defendant Michel Investment Company to defendant Walter Michel, were and each of them was fraudulent and void as to plaintiff herein, and as to plaintiff herein the title to said property is and remains in defendant Herman Michel.

"2. The said transfer from defendant Herman Michel to defendant Michel Investment Company was a simulated transfer and was not intended to and did not pass the ownership of the said property to Michel Investment Company.

"3. The claim of plaintiff against defendants, and each of them, is barred by the provisions of Section 338, Subdivision 4 of the Code of Civil Procedure of the State of California, and for that reason judgment is hereby given in favor of defendants, excepting that plaintiff shall recover his costs in the sum of $59.15."

The notice of appeal filed by appellants is from the whole judgment except the part reading as follows:

" 'NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that:

'3. The claim of plaintiff against defendants, and each of them, is barred by the provisions of Section 338, subd. 4 of the Code of Civil Procedure of the State of California, and for that reason judgment is hereby given in favor of defendants.' "

The question for decision therefore is whether items 1 and 2 of the judgment now before us should be stricken.

The answer to this question is not far to seek. While the District Court of Appeal held that the trial of questions of fraud contained no material error, at the same time it determined that the defense of the statute of limitations had not been conclusively tried; that no testimony was introduced relative thereto, and therefore there was no support for the court's finding. Under the directions contained in the remittitur the cause was to be retried on the sole issue of the statute of limitations and if it should be found that the action was barred to enter judgment in favor of defendants. That

finding was made and the court concluded that the claim of plaintiff is barred by the provisions of section 338, subd. 4, Code of Civil Procedure, and for that reason judgment was awarded defendants "excepting that plaintiff shall recover his costs in the sum of $59.15."

But instead of entering judgment barring recovery by plaintiff, it repeated the adjudication contained in the reversed judgment to the effect: (1) that the transfers of property by Herman were fraudulent and void as to the plaintiff and, (2) that the transfer from Herman to the Michel Investment Company was simulated and was not intended to and did not pass the ownership of the property.

■ The judgment finally entered should have contained but one order, namely, that the claim of plaintiff is barred by the provisions of section 338. The trial court had no discretion as to what the content of the judgment should be, but was obliged to comply with the order reversing the original judgment and to enter judgment for defendants if it should be barred. (*Texas Company* v. *Moynier,* 137 Cal.App. 112 [29 P.2d 873]; *English* v. *Olympic Auditorium, Inc.,* 10 Cal.App.2d 196, 201 [52 P.2d 267]; *Estate of Dargie,* 48 Cal. App.2d 101, 105 [119 P.2d 438]; *Lial* v. *Superior Court,* 133 Cal.App. 31 [23 P.2d 795].)

■ The attempt by divisions 1 and 2 of the judgment appealed from to decree that the transfers of Herman Michel to the Michel Investment Company were fraudulent and void and that the title of such properties remained in Herman, and that the transfers were simulated have no place in the judgment. When a court has reached the conclusion that the action is barred by the statute of limitations, from that moment plaintiff is without any right of recovery with respect to any demand made by his pleading. A decree that plaintiff's action is barred by the statute of limitations and at the same time determines that the transfers attacked by plaintiff are fraudulent and void is a hybrid that requires prompt extinction. Although it frees the Michel Investment Company from the distraint of its properties to pay the judgment against Herman Michel, it affirms that because of the fraudulent transfers of the properties they were simulated and the titles thereto remain in Herman Michel. We are directed to no authority for such a judgment. We can find none. There is none. We are required therefore to modify the judgment with respect to the determinations ad-

verse to appellants. (*Ryland* v. *Heney*, 130 Cal. 426 [62 P. 616].)

█ Respondent contends that the directions of the District Court of Appeal have been complied with in that the retrial was solely upon the issue raised by the plea of the statute of limitations. He supports his contention with the recital that items 3, 4, and 5 of the original conclusions were supplanted with the decision that defendants were entitled to judgment by reason of the bar of the statute. But he ignores the facts that the judgment originally entered was reversed and that the second judgment is now on appeal and not the findings or conclusions made following the first trial. Those findings and conclusions could not now be reviewed. They were embalmed on the former appeal and could guide us now only in the event that the defendants had failed to establish their plea in bar.

Had a successful finding favored plaintiff on the sole issue to be tried, those findings and conclusions would have been re-set in the new judgment roll as decided by the order of reversal. Since that finding was against plaintiff the embalmed decision was *functus officio*. The fact that they are "reflected" in the new judgment is only proof of the error now to be corrected rather than evidence that the second judgment was pursuant to positive orders from the court of appeal. After the reversal of the first judgment, the court started with a clean page. (*Cowdery* v. *London & San Francisco Bank*, 139 Cal. 298, 303 [73 P. 196, 96 Am. St.Rep. 115].) The only use to be made of the old judgment was to repeat it in its entirety should the court determine the plea in bar against defendants; otherwise it was passé. The order for a retrial upon the single issue of "limitations" could not have intended that those parts of the decree adjudging the transfers fraudulent and simulated should comprise a part of the new judgment in any event. The decision that the action was barred spells finis for any recovery by plaintiff.

The authorities cited by respondent in support of his contention (*Robinson* v. *Muir*, 151 Cal. 118 [90 P. 521]; *Aregenti* v. *City of San Francisco*, 30 Cal. 458; *Northern California Power Co.* v. *Flood*, 186 Cal. 301 [199 P. 315]; *Tulare Irr. Dist.* v. *Lindsay-Strathmore Irr. Dist.*, 3 Cal. 2d 489 [45 P.2d 972, 1014]; *Bloom* v. *Bloom*, 207 Cal. 70 [276 P. 568]) are not applicable. In each of them the judg-

ment to be rendered was consistent with the original decree. In the instant case the judgment to be entered was contrary to every part of the first decree. The trial court, after finding the action barred, was in precisely the same situation in which it would have been had the appellate court made a finding that the action was barred and ordered that judgment be entered in accordance with such finding. The old judgment had been vacated. The new judgment must deny plaintiff any recovery. (*Cowdery* v. *London & San Francisco Bank, supra.*) No other judgment was possible under the law of the case. (*Gallatin* v. *Corning Irrigation Co.,* 163 Cal. 405, 422 [126 P. 864, Ann.Cas.1914A 74]; *Newport* v. *Hatton,* 207 Cal. 515, 519 [279 P. 134]; *Tally* v. *Ganahl,* 151 Cal. 418, 421 [90 P. 1049].) Following the decision of the District Court of Appeal that the action was barred if the plaintiff had knowledge of the transfers more than three years before filing suit, the trial court and this court are both bound by that holding as the law of the case.

■ The judgment appealed from, awards plaintiff his costs in the sum of $59.15. There is no authority for such award. The action involved title to real estate. This required that costs be awarded to the prevailing party. (Sec. 1032, Code Civ. Proc.) Moreover, since the law of the case made no provision for the award of costs to plaintiff in the event defendants should prevail on the second trial, their recovery on a meritorious defense (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, 196 [106 P. 715, 21 Ann.Cas. 1279]) should entitle them not only to be relieved of the payment of the costs of their adversary but to recover their own costs.

It is, therefore, ordered and adjudged that the judgment be modified by striking therefrom items 1 and 2 and from item 3 the following: "excepting that plaintiff shall recover his costs in the sum of $59.15." As so modified the judgment is affirmed.

Also, it is ordered that appellants recover their costs of this appeal.

Wood (W. J.), J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 23, 1943. Traynor, J., voted for a hearing.