[L. A. No. 22086.  In Bank.  Mar. 25, 1952.]

WILLIAM J. HAMPTON et al., Petitioners, v. SUPERIOR
COURT OF LOS ANGELES COUNTY, W. TURNEY
FOX, Judge thereof, et al., Respondents; HELEN
YOUNG, Real Party in Interest.

George L. Hampton for Petitioners.

Ogden, Crocker & Steelman and Samuel Steelman for Real Party in Interest and Respondents.

EDMONDS, J.—H. Young sued William J. Hampton and his wife to enforce a mechanic's lien arising out of the construction of a house and garage. The action was based upon a contract which specified that the work was to be done upon a cost-plus basis. The superior court rendered judgment for the contractor. The claim of the Hamptons, asserted by way of cross-complaint, for loss of rent arising out of the failure of the contractor to perform a prior contract for the erection of the same buildings for a fixed amount was disallowed.

Upon appeal, this court reversed the judgment, dismissed the appeal from the order denying a new trial and directed that the superior court enter judgment ". . . denying Helen Young relief upon the cost-plus contract, and denying the Hamptons any recovery for rent." (*Young* v. *Hampton*, 36 Cal.2d 799, 806 [228 P.2d 1].)

The petition in the present proceeding is based upon the asserted failure of the superior court to enter judgment as required by the remittitur and an order setting the cause for further trial. The relief sought is a writ of mandate to compel the entry of the judgment and a writ of prohibition to forbid the continuance of the litigation.

By section 958 of the Code of Civil Procedure, the duties of the clerk of the superior court upon the receipt of a remittitur are defined as follows: "When judgment is rendered upon the appeal, it must be certified by the clerk of the appellate court to the clerk with whom the judgment roll is filed, or the order appealed from is entered. In cases of appeal from the judgment, the clerk with whom the roll is filed must attach the certificate to the judgment roll, and enter a minute of the judgment of the appellate court in the register of actions. . . ." ▮ Upon entry of the minute of the judgment in the register of actions, the judgment is of record and no further action by the superior court is necessary. (*McMann* v. *Superior Court*, 74 Cal. 106, 107 [15 P. 448]; *McMillan* v. *Richards*, 12 Cal. 467, 468; *Marysville* v. *Buchanan*, 3 Cal. 212, 214.) ▮ The petitioners allege that the remittitur was received by the clerk of the superior court, and it must be presumed that he complied with the provisions of the quoted code section. (*Fischer* v. *Lukens*, 41 Cal. App. 358 [182 P. 967].) ▮ No further entry of judgment is required for the protection of the rights of either party. The petition, therefore, fails to state any ground for the issuance of the writ of mandate.

As ground for relief by way of prohibition, the Hamptons take the position that the decision of this court was a final determination of the rights of the parties. Miss Young contends that there are undetermined issues which must be disposed of before complete justice is done.

The points presented upon the appeal from the judgment solely concerned the validity of each of the contracts. Miss Young was denied any recovery because the second contract, being contrary to public policy, was void. It was also held that the Hamptons were not entitled to damages because of failure to complete the buildings within the time specified in the first contract. None of the parties, it was held, "intended that contract to be their true agreement. . . . There being no operative promise on the part of Helen Young to complete construction on or before any particular date, there is no basis for the asserted claim for reasonable rental value." (36 Cal. 2d at p. 806.)

Miss Young does not spell out any issues which were not determined in the former action. She contends that no ruling was made on the validity of the flat price contract. She also asserts that she has not received the final payment of 20 per cent which ". . . would be forfeited by the respondent and petitioners unjustly enriched in the same amount." Apparently she hopes to be able to continue her action upon the theory of *quantum meruit*.

■ When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. (*Rice* v. *Schmid*, 25 Cal. 2d 259 [153 P.2d 313]; *Weaver* v. *San Francisco*, 146 Cal. 728 [81 P. 119]; *Barnhart* v. *Edwards*, 128 Cal. 572 [61 P. 176]; *Keller* v. *Lewis*, 56 Cal. 466; *Kramer* v. *Superior Court*, 35 Cal.App.2d 239 [95 P.2d 158].)

■ An unqualified reversal by the reviewing court presumes that the cause has been remanded for a retrial. (*Rinaldo* v. *Superior Court*, 15 Cal.App.2d 585, 589 [59 P.2d 868].) The reason for the rule is that, by a reversal, the order or judgment appealed from no longer has any vitality or force. In effect, the order or judgment appealed from is vacated.

■ Under sections 53 and 956a of the Code of Civil Procedure, by a decision upon an appeal, the entry of a

specific judgment may be directed. Under such circumstances, the trial court has no discretion but to enter the judgment called for. (*Rice* v. *Schmid, supra,* p. 263; *Department of Water & Power* v. *Inyo Chemical Co.,* 16 Cal. 2d 744 [108 P.2d 410]; *Weaver* v. *San Francisco, supra;* *Carter* v. *Superior Court,* 96 Cal.App.2d 388 [215 P.2d 491]; *Richardson* v. *Michel,* 59 Cal.App.2d 361 [138 P.2d 774]; *Phillips* v. *Patterson,* 34 Cal.App.2d 481 [93 P.2d 807]; *Snoffer* v. *City of Los Angeles,* 14 Cal.App.2d 650 [58 P.2d 961]; *English* v. *Olympic Auditorium, Inc.,* 10 Cal.App.2d 196 [52 P.2d 267].) ■ The order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled. The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void." (*Snoffer* v. *City of Los Angeles, supra,* at p. 653.)

■ If it be assumed that the order reversing the judgment in favor of Miss Young should not have included a direction for the entry of a final judgment in favor of the Hamptons, the error was judicial. Throughout the trial of the action brought by her and the appeal from the judgment, Helen Young made no claim against the Hamptons on *quantum meruit.* ■ An appellate court decides only the issues presented by the parties. "If a court of review inadvertently omits to include in its instructions to a trial court upon the reversal of a judgment essential elements within the issues necessarily determined on the appeal, the aggrieved party has his remedy in a petition for rehearing. A trial court may not exceed the specific directions of a court of review in remanding a cause after a reversal of the judgment on appeal and add thereto conditions which it assumes the reviewing court should have included." (*English* v. *Olympic Auditorium, Inc., supra,* p. 201.)

■ Prohibition is a proper remedy to restrain a trial court from proceeding to trial in violation of the terms of a final judgment of the reviewing court. (*Kramer* v. *Superior Court, supra*; *Lial* v. *Superior Court,* 133 Cal.App. 31 [23 P.2d 795].) ■ Nor does the availability of an appeal, were the cause to proceed to final judgment, bar resort to the writ. It may be conceded that an appeal would lie from the final judgment were the superior court allowed to proceed with a further trial of the action. (*Rice* v. *Schmid, supra*; *Richardson* v. *Michel, supra.*) But where the remedy

by appeal is not speedy and adequate, then, in an otherwise proper case, mandate or prohibition may lie. (*McCulloch* v. *Superior Court*, 91 Cal.App.2d 641, 646 [205 P.2d 689].) ▮ In the present case, an appeal would not afford the Hamptons an adequate remedy for they would still be subjected to the vicissitudes and expense of an unnecessary trial. (*City of San Diego* v. *Superior Court*, 36 Cal.2d 483, 485 [224 P.2d 685] ; *Tomales Bay Oyster Corp.* v. *Superior Court*, 35 Cal.2d 389, 392 [217 P.2d 968].)

Let a writ of prohibition issue as prayed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I dissent.

Construed as the majority now interpret and apply our order, I think that we erred against a basic policy of law in *Young* v. *Hampton* (1951), 36 Cal.2d 799, 806 [228 P.2d 1]. We erred not in reversing the judgment there appealed from but in directing the trial court to enter a different judgment as specified, and thereby, now rule the majority, foreclosing the parties from litigating new issues, issues which had never been tendered or joined, let alone adjudicated.

I would not so construe our order. It can be given full effect and still permit the joining and determination of the issues now sought to be raised. We should not unnecessarily construe our own order in a manner which both brands it as erroneous and which precludes a party a day in court. The order reads "The judgment is reversed with directions to the trial court to enter judgment denying Helen Young relief upon the cost-plus contract, and denying the Hamptons any recovery for rent." The plaintiff had recovered judgment in the trial court based on the cost-plus contract. On appeal it was contended, and the contention sustained, that the cost-plus contract was invalid. This warranted reversing the judgment based on the cost-plus contract but it does not warrant an order which precludes the plaintiff from litigating issues which would become material only after the cost-plus contract had been held invalid and the judgment thereon reversed. And our order does not on its face purport to so offend. It is the judgment, and, of course, only the judgment based on the cost-plus contract, which is reversed; the direction

to the trial court is "to enter judgment denying Helen Young [plaintiff] *relief upon the cost-plus contract,* and denying the Hamptons any recovery for rent." (Italics added.) An order that judgment be entered denying the plaintiff *any relief whatsoever* arising out of her transaction with the Hamptons would have been easy to write if the court had intended it, rather than the order as drawn purporting to limit its applicability, insofar as plaintiff is concerned, exclusively to "relief upon the cost-plus contract."

I think also that we improperly prejudge a cause when we hold in effect, as the majority implicitly do, that it would necessarily be an idle act for the plaintiff to present, and beyond the jurisdiction of the court to entertain, an application for some form of legal or equitable relief, the nature and theory of which we do not know and which we now gag the plaintiff from disclosing.

Furthermore, I do not agree with the unnecessarily broad and in some applications inaccurate statement in the majority opinion that "an unqualified reversal by the reviewing court presumes that the cause has been remanded for a retrial. . . . In effect, the order or judgment appealed from is vacated." *Contra,* see *People* v. *Hardisson* (1882), 61 Cal. 378, 380; *People* v. *Lee Look* (1904), 143 Cal. 216, 220 [76 P. 1028]; *People* v. *Coronado* (1904), 144 Cal. 207 [79 P. 418]; *People* v. *Lauman* (1922), 59 Cal.App. 144, 146 [210 P. 421]; *People* v. *Hudson* (1928), 92 Cal.App. 593 [268 P. 687]; *People* v. *Commons* (1944), 64 Cal.App.2d Supp. 925, 937 [148 P.2d 724].

Lastly, it should not be presumed, and I think that petitioner has not established, that the respondent court will either exceed its jurisdiction, fail to exercise it properly on the facts as they may be made to appear, or neglect to give proper effect to the order which we made, if allowed to proceed.

Accordingly, I would deny the petition for the writ.