Filed 9/18/14  Dynalectric v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DYNALECTRIC CO., | D066452 |
| Petitioner, | (Super. Ct. No. 37-2007-00074230-CU-BC-CTL) |
| v. | |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| POINT CENTER FINANCIAL, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  William R. Nevitt, Jr., Judge.  Petition granted.

Niddrie, Fish & Addams, LLP, David A. Niddrie; Law Offices of Murray M. Helm, Jr., and Murray M. Helm, Jr., for Petitioner.

No appearance for Respondent.

Landau Gottfried & Berger LLP and Robert G. Wilson for Real party in interest.

Petitioner Dynalectric Company (Dynalectric) seeks a writ of mandate directing the trial court to enter a judgment in its favor against real party in interest Point Center

Financial, Inc. (Point Center) and to award costs incurred on appeal, in conformity with the disposition contained in our opinion in *Brewer Corp. v. Point Center Financial, Inc.* (2014) 223 Cal.App.4th 831, 848 (*Brewer Corp.*). We grant the petition.

BACKGROUND

Dynalectric was a respondent and Point Center was the appellant in *Brewer Corp.*, *supra*, 223 Cal.App.4th 831, which concerned the liability of Point Center (the construction lender) to Dynalectric (a construction contractor) on a bonded stop notice. In *Brewer Corp.*, Point Center contended the trial court erroneously ruled that as a matter of law Dynalectric did not have to serve Point Center with a preliminary notice in order to maintain a stop notice claim. (*Id.* at p. 848.) We concluded this legal ruling was error, but also concluded the parties had not had a full and fair opportunity to litigate a potentially dispositive factual issue of excuse for not serving a preliminary notice. (*Id* at pp. 851, 853.) We therefore provisionally reversed the judgment in favor of Dynalectric and remanded the matter for further proceedings on the excuse issue. (*Id.* at p. 856.) The disposition portion of the opinion further stated: "If the trial court finds in favor of Dynalectric on the existence of a factual excuse for not serving a preliminary notice on [Point Center], the judgment in favor of Dynalectric is affirmed and Dynalectric is to recover its costs on appeal. Alternatively, if the trial court finds against Dynalectric on the existence of a factual excuse, the judgment in favor of Dynalectric is reversed and [Point Center] is to recover its costs on appeal." (*Id.* at pp. 856-857.)

On remand, the parties stipulated to the facts necessary to determine the excuse issue and then presented the stipulation and a proposed order to respondent. The

2

proposed order included, among other terms, the following: "3. Dynalectric has a valid and enforceable bonded lender stop notice against Point Center. [¶] 4. Based on that factual finding, the Court of Appeal's opinion deems the Judgment is affirmed and Dynalectric is entitled to recover its costs on appeal." The trial court stated it did not believe it could affirm its own judgment, modified the proposed order by striking out paragraph 4, and signed and filed the proposed order as modified.

Dynalectric petitioned us for a writ of mandate directing the trial court to affirm the prior judgment it had obtained against Point Center and to award costs incurred in the prior appeal. We solicited an informal response from Point Center and notified the parties we were considering issuing a peremptory writ of mandate in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.) In a letter response, Point Center stated it stipulated to the facts underlying the excuse issue and did not oppose issuance of a peremptory writ in the first instance.

DISCUSSION

We conclude Dynalectric is entitled to writ relief. When by a decision on appeal the reviewing court directs the entry of a specific judgment, the trial court must enter the judgment directed, and the proper remedy for its failure to do so is a writ of mandate. (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655-656; *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 (*Butler*); *Bakkebo v. Municipal Court* (1981) 124 Cal.App.3d 229, 234.) Our disposition of the appeal directed that Dynalectric's judgment against Point Center be affirmed and Dynalectric be awarded costs on appeal if, as happened on remand, the factual issue of excuse was resolved in favor of Dynalectric.

3

(*Brewer Corp.*, *supra*, 223 Cal.App.4th at pp. 856-857.)  The trial court failed to carry out these directives, however, when it struck paragraph 4 from the parties' proposed order.  A writ of mandate therefore lies to correct this error.

We further conclude issuance of a peremptory writ in the first instance is appropriate because the facts are not in dispute, the legally correct result is clear, Point Center concedes the propriety of writ relief, and the matter should be expedited. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Butler*, *supra*, 104 Cal.App.4th at p. 983.)

## DISPOSITION

Let a writ of mandate issue directing respondent to enter judgment in favor of Dynalectric and against Point Center, nunc pro tunc to February 15, 2012, on the same terms as the judgment of that date that was the subject of the appeal in *Brewer Corp.*, *supra*, 223 Cal.App.4th 831, and to conduct further proceedings as necessary to award Dynalectric the costs it incurred in that appeal.  The parties shall bear their own costs of these writ proceedings.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)

_____

McINTYRE, J.

WE CONCUR:


_____

BENKE, Acting P. J.


_____

IRION, J.

4