Filed 5/11/26  P. v. Bazan CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LUIS BAZAN,<br><br>    Defendant and Appellant. | B346821<br><br>(Los Angeles County<br>Super. Ct. No. NA079422)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

BY THE COURT:

The opinion in the above-entitled matter, filed May 8, 2026, shall be modified to correct a misspelling in counsel's name as follows:

In the counsel listing, "Sydney Banack" under appointment by the Court of Appeal, for Defendant and Appellant, is replaced with "Sydney Banach."  There is no change in judgment.

_____

OCHOA, J.*          EGERTON, Acting P. J.          HANASONO, J.

_____

\*          Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 5/8/26  P. v. Bazan CA2/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B346821 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA079422) |
| v. | |
| LUIS BAZAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Reversed with directions.

Sydney Banack, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

A court sentenced Luis Bazan to a prison term of 80 years to life for crimes committed when he was a juvenile. Years later, he filed a petition under Penal Code[1] section 1170, subdivision (d) (hereafter, § 1170(d)), which permits juveniles sentenced to life without parole to petition for recall and resentencing. The trial court denied the petition on the ground that the statute applies only to juveniles sentenced explicitly to a term of life without parole, and not to juveniles sentenced to a term of years. Bazan appealed, arguing that his term of 80 years to life was functionally equivalent to life without parole and rendered him eligible for relief under section 1170(d). In an unpublished opinion filed November 25, 2024, this division reversed the trial court's order, holding that the Second Appellate District's opinion in *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 (*Sorto*) already held that "offenders sentenced to functionally equivalent LWOP terms . . . are entitled to section 1170(d) relief under the constitutional guarantee of equal protection." This court held that Bazan's 80- years-to-life sentence was functionally equivalent to life without parole and remanded for Bazan to file a corrected petition, which the trial court was to consider "in accordance with [our] opinion."

On remand, the trial court again denied Bazan's petition, based on its finding that Bazan was ineligible for relief because he was not sentenced to an explicit term of life without parole, in reliance on an intervening case from the Third Appellate District. Because the trial court's order did not follow the remittitur, we reverse.

---

[1] All further undesignated statutory references are to the Penal Code.

2

## BACKGROUND

In 2009, a jury convicted Bazan of, among other crimes, two counts of attempted murder committed when he was 17 years old. A court sentenced Bazan to 80 years to life.

In 2023, Bazan petitioned for recall and resentencing under section 1170(d). The trial court denied the petition on the ground that the statute applied only to juveniles sentenced to explicit life without parole terms. Bazan appealed, and a different panel of this division reversed the order. (*People v. Bazan* (Nov. 25, 2024, B332938) [nonpub. opn.] (*Bazan*).) This division held that Bazan was eligible for relief on the filing of a corrected petition.[2]

The remittitur issued on February 6, 2025.

On remand, Bazan filed a form petition for recall and resentencing indicating that he was 17 years old when he committed his crimes, was sentenced to 80 years to life and had satisfied the other statutory requirements to be eligible for relief under section 1170(d).

At the May 14, 2025, hearing on Bazan's petition, the trial court found that Bazan had not "met the prima facie [showing] that he is entitled to a hearing" and denied the petition. The minute order reflects that the court made this finding because "[Bazan] was sentenced to 80 years-to-life, not Life Without [ ] Parole."

Bazan moved for reconsideration on the ground that the trial court failed to follow the remittitur. On October 22, 2025, the trial court denied the motion. At the hearing, the trial court said it had reviewed new authority and cited *People v. Isayev*

---

[2] Bazan's original petition was procedurally defective because it had not been served on the prosecuting agency. (§ 1170(d).)

3

(2025) 113 Cal.App.5th 1117, 1123, review granted November 12, 2025, S292860 (*Isayev*).  In *Isayev,* the Third Appellate District held that the availability of a youth offender parole hearing under section 3051, which requires such a hearing to be held no later than 25 years into the juvenile's sentence, precludes finding that the juvenile has a sentence "functionally equivalent" to life without parole, and is thus ineligible for recall and resentencing under section 1170(d).

At the hearing on reconsideration, the trial court observed that *Isayev* "disagree[d] with the [*Sorto*] case that is repeatedly cited in the remittitur."  The court then stated that it was taking a "fresh look at Mr. Bazan's case [and] . . . reading not only the remittitur but *Isayev*."  It concluded that it was "going to continue to stand by [its] ruling, . . . trying to follow what the Court of Appeal said [it] could do, which is to consider the petition filed in March in accordance with this opinion."  It further stated that it was "also considering [the opinion] in conjunction with subsequent case law."  For these reasons, the court again denied Bazan's motion for resentencing.

## DISCUSSION

Bazan contends that, in denying his petition, the trial court violated the law of the case doctrine and also exceeded its jurisdiction by failing to act in accordance with the remittitur.  The Attorney General agrees.  Because we hold that the trial court exceeded its jurisdiction by failing to comply with the remittitur, we do not reach the additional question whether the court's order also violated the law of the case doctrine.

The remittitur both terminates the reviewing court's jurisdiction of the case and proscribes the remaining jurisdiction of the receiving court.  (See § 1265 [after the remittitur "the

4

appellate court has no further jurisdiction of the appeal . . . and *all orders necessary to carry the judgment into effect shall be made* by the court to which the certificate is remitted"], italics added; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 ["The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned"]; *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 "[T]he terms of the remittitur define the trial court's jurisdiction to act"].)

"[T]he trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings.  Its authority is limited wholly and solely to following the directions of the reviewing court." (*Rice v. Schmid* (1944) 25 Cal.2d 259, 263; see also *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 656 ["The order of the appellate court as stated in the remittitur, 'is decisive of the character of the judgment to which the appellant is entitled. . . .' [¶] . . . [¶] . . . 'A trial court may not exceed the specific directions of a court of review in remanding a cause after a reversal' " (internal citations omitted)].)  "[A]ction which does not conform to [the appellate court's] directions is void." (*Hampton,* at p. 655.)

The remittitur in *Bazan*, *supra*, B332938, directed the trial court "to permit Bazan to file a corrected petition and to consider it *in accordance with this opinion*." (Italics added.)  That opinion expressly held, consistent with Second Appellate District precedent in *Sorto*, that denying section 1170(d) relief to juvenile offenders with sentences functionally equivalent to life without parole violated constitutional equal protection guarantees.  It further considered and rejected the argument that prevailed in *Isayev* that the availability of a section 3051 youth offender

5

parole hearing precluded relief under section 1170(d).  The remittitur's direction to consider Bazan's re-filed petition "in accordance with this opinion" unambiguously directed the trial court to substantively consider his section 1170(d) petition and left no room for it to reconsider the question whether Bazan's sentence satisfied the prima facie requirement, which was directly posed and addressed in *Bazan*.

The trial court did not follow the Court of Appeal's order in the remittitur because it believed that new authority called into question *Bazan*'s holding and the case on which *Bazan* expressly relied—*Sorto*—which adopted the Fourth Appellate District's reasoning in *People v. Heard* (2022) 83 Cal.App.5th 608.[3]  These cases held that the relief provided in section 1170(d) for juveniles sentenced to life without parole extended to those sentenced to a term of years functionally equivalent to life without parole, including those subject to section 3051 parole hearings.  *Isayev* held otherwise, directly disapproving *Sorto* and *Heard*.  (*Isayev*, *supra*, 113 Cal.App.5th at p. 1142 ["In reaching this conclusion, we part ways with *Heard*, *Sorto*, and *Bagsby*, each of which

---

[3]  In *People v. Thompson* (2025) 112 Cal.App.5th 1058, review granted September 24, 2025, S292540, this division held that denying section 1170(d), relief to a juvenile sentenced to 50 years to life did not violate equal protection principles.  In doing so, the court distinguished the sentences in *Heard* (23 years plus 80 years to life) and *Sorto* (10 years plus 130 years to life) because they "clearly exceeded natural life expectancy and were therefore functionally equivalent to life without parole as an actuarial matter."  (*Thompson*, at p. 1073; accord, *People v. Munoz* (2025) 110 Cal.App.5th 499, 507–508 [50-years-to-life sentence is not functionally equivalent to life without parole], review granted June 25, 2025, S290828.)

concluded that the availability of a youth offender parole hearing under section 3051 does not render a juvenile offender ineligible for relief under section 1170, subdivision (d)"].) On remand, the trial court chose to follow *Isayev*, *supra*, 113 Cal.App.5th 1117, review granted, to find that Bazan was *not* eligible for relief. It was not free to do so, however, as the trial court must follow a remittitur even if it believes the decision was wrong or has been impaired by subsequent decisions. (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.)

The law is clear that "whether the trial court believed our decision was right or wrong, or had been impaired by subsequent decisions, it was bound to follow the remittitur." (*People v. Dutra, supra*, 145 Cal.App.4th at p. 1367.) The trial court correctly recognized that there exists a split of authority between the Courts of Appeal on the question whether a term of years sentence that is subject to section 3051 youth offender parole hearing is "functionally equivalent" to a life without parole sentence for purposes of section 1170(d). However, the trial court acted outside of its jurisdiction when it decided to follow *Isayev* rather than the remittitur that directly controls this case. Accordingly, we reverse the order denying Bazan's petition and direct the trial court to find that Bazan is eligible for relief under section 1170(d), as a juvenile sentenced to a term of years that is functionally equivalent to life without parole, and for further proceedings as necessary pursuant to that finding.

## DISPOSITION

We reverse the order denying Bazan's petition.  The matter is remanded to the trial court with the direction to find Bazan eligible for relief and to consider the merits of his petition.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


OCHOA, J.*


We concur:


EGERTON, Acting P. J.


HANASONO, J.

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.