Filed 2/4/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A158016<br><br>(San Mateo County<br>Super. Ct. No. SC024541A) |

Proposition 66, the Death Penalty Reform and Savings Act of 2016, made substantial changes to the procedures governing petitions for writs of habeas corpus in capital cases. Among these changes was ending the practice of capital defendants initiating habeas proceedings in the Supreme Court, and instead having the "court which imposed the sentence" decide the petitions in the first instance. (Pen. Code[1], § 1509, subd. (a).) To facilitate this change, Proposition 66 authorized the Supreme Court to transfer pending habeas petitions in capital cases to the sentencing court. (§ 1509, subd. (g).)

After the passage of Proposition 66, the Supreme Court transferred defendant Ramon Bojorquez Salcido's pending habeas petition to San Mateo

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

1

County, the county where Salcido was convicted of capital murder and sentenced to death. Rather than contest the habeas petition in San Mateo County, the People filed a motion for the trial court to transfer the petition to Sonoma County, which is where the People initially charged Salcido before the case was transferred to San Mateo County due to pretrial publicity. The trial court granted the People's motion and ordered the transfer of Salcido's habeas petition to Sonoma County.

In this writ of mandate proceeding, Salcido challenges the trial court's ruling and contends his habeas petition must remain in San Mateo County. We agree with Salcido. The Supreme Court, by transferring Salcido's petition to San Mateo County pursuant to Proposition 66, has already determined that San Mateo County is the "court which imposed the sentence" and must therefore decide the petition. Neither this court nor the trial court may second-guess that decision. And even if we could, we would conclude that San Mateo County is the court which imposed Salcido's sentence and that there is no statutory basis supporting the People's position that San Mateo County, as the sentencing court, may transfer the petition to another county.

Accordingly, we will grant writ relief to Salcido and direct the trial court in San Mateo County to deny the People's motion to transfer Salcido's habeas petition to Sonoma County.

## BACKGROUND

In October 1989, the Sonoma County District Attorney charged Salcido with capital murder in Sonoma County.[2] The trial court in Sonoma County granted Salcido's motion to transfer his case to another venue due to pretrial publicity. His case was transferred to San Mateo County. Judge Reginald

---

[2] Specifically, Salcido was charged with six counts of first degree murder, one count of second degree murder, and two counts of attempted murder.

2

Littrell of Sierra County presided over the trial. (*People v. Salcido* (2008) 44 Cal.4th 93 (*Salcido*).)

A jury convicted Salcido and determined his punishment should be death. In 2008, the Supreme Court affirmed the judgment in its entirety. (See *Salcido*, *supra*, 44 Cal.4th at p. 103.) The following year, the Supreme Court denied a petition for writ of habeas corpus filed by Salcido challenging the judgment.

Salcido then filed a habeas petition in federal district court in August 2012. The federal court stayed Salcido's petition so that he could exhaust his claims in state court. Salcido then filed a second petition for writ of habeas corpus in the California Supreme Court in November 2013.

Salcido's second habeas petition remained pending in the Supreme Court in November 2016 when voters approved Proposition 66. The initiative became effective on October 25, 2017. (Credits, 51A West's Ann. Pen. Code (2019 supp.) foll. § 1509; *Briggs v. Brown* (2017) 3 Cal.5th 808, 862 (*Briggs*).) Proposition 66 enacted a series of statutory measures that "extensively revamp[ed] the procedures governing habeas corpus petitions in capital cases." (See *Briggs*, at p. 824.) Among other changes, Proposition 66 ended the practice of capital defendants initiating habeas proceedings in the Supreme Court by requiring the sentencing court to be the first to hear a habeas petition. (*Id.* at p. 824.) This change is reflected in subdivision (a) of section 1509, which states that a capital habeas petition "filed in any court other than the court which imposed the sentence should be promptly transferred to that court unless good cause is shown for the petition to be heard by another court." For habeas petitions pending in the Supreme Court on the effective date of Proposition 66, subdivision (g) of section 1509 states the Supreme Court "may" transfer the petition to the "court which imposed

the sentence." (§ 1509, subd. (g).)  Once a petition has been transferred to the sentencing court, section 1509 does not authorize the sentencing court to transfer the petition to another court.

In May of this year, the Supreme Court invoked its authority under subdivision (g) to transfer Salcido's pending habeas petition to the sentencing court.  The Supreme Court's order stated:  "Pursuant to Penal Code section 1509, subdivision (g), the petition is transferred to the Superior Court of California, County of San Mateo."

After the case was transferred to San Mateo County, the People, represented by the Sonoma County District Attorney, filed a motion to transfer the habeas petition to Sonoma County, arguing that Sonoma County should be deemed the sentencing court under section 1509.  The trial court agreed and granted the People's motion.[3]

Salcido petitioned for a writ of mandate with us, asking that we direct the superior court to deny the motion to transfer.  We stayed the trial court's order and requested preliminary briefing.  After receiving the briefing, we reached the preliminary conclusion that the matter should remain in San Mateo County.  We issued an alternative writ of mandate directing the superior court to set aside and vacate its order granting the People's motion to transfer and enter a new one denying the motion or, in the alternative, to

---

[3] During the hearing at which the trial court granted the People's motion to transfer Salcido's petition, the court also granted the People's motion to transfer a petition filed by Troy Adam Ashmus to the originating court.  Salcido requests that we take judicial notice of Ashmus's petition for writ of mandate, which was filed in this court.  We grant the request.  We previously denied Salcido's request to consolidate his petition for writ of mandate with Ashmus's petition.  Our colleagues in Division Two recently granted Ashmus's writ petition and directed San Mateo County to deny the People's motion to transfer.  (See *Ashmus v. Superior Court* (2019) 42 Cal.App.5th 1120, 1130 (*Ashmus*).)

show cause before us why a peremptory writ of mandate should not be issued. The superior court did not vacate its ruling, and the matter is now before us.[4]

## DISCUSSION

Salcido argues the trial court erred by ordering the transfer of his habeas petition to Sonoma County. Salcido asserts that San Mateo County, not Sonoma County, is the "court which imposed the sentence" under section 1509, meaning that San Mateo County may not transfer the petition to another county and must decide the petition itself.

We are compelled to agree with Salcido because the Supreme Court has already determined that San Mateo County must decide Salcido's habeas petition. In its May 2019 order, the Supreme Court stated it was transferring Salcido's petition to San Mateo County "[p]ursuant to Penal Code section 1509, subdivision (g)." Section 1509, subdivision (g) gives the Supreme Court discretion to transfer a habeas petition "to the court which imposed the sentence." By transferring the petition to San Mateo County pursuant to section 1509, subdivision (g), the Supreme Court necessarily determined that San Mateo County is the court which imposed Salcido's sentence. As the court which imposed the sentence, San Mateo County was not permitted to transfer Salcido's petition to another court.

It is axiomatic that the trial court could not disregard the Supreme Court's determination that San Mateo County was the court which imposed

---

[4] Salcido argues that we should not consider the People's return to the order to show cause because it is neither a verified answer nor demurrer, as required by our rules of court. (See Cal. Rules of Court, rule 8.487(b)(1) ["If the court issues an alternative writ or order to show cause, the respondent or any real party in interest, separately or jointly, may serve and file a return by demurrer, verified answer, or both."].) We will treat the People's return as a memorandum of points and authorities in support of a demurrer to Salcido's petition for writ of mandate. (See *Ashmus*, *supra*, 42 Cal.App.5th at p. 1124, fn. 3.)

5

Salcido's sentence. (See *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 ["The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void."].) Likewise, we lack the authority to grant writ relief that would effectively overturn the Supreme Court's order. (See Code Civ. Proc., § 1085, subd. (a) [writ of mandate may be issued only to an "inferior tribunal"]; *People v. Davis* (2014) 226 Cal.App.4th 1353, 1371 [" 'Mandamus or prohibition may be issued only by a court to another court of inferior jurisdiction.' "].) Salcido's habeas petition must remain in San Mateo County for decision.

Since the Supreme Court has determined that San Mateo County must decide Salcido's habeas petition, we need not address the issue any further. Nevertheless, in order to provide guidance to the parties on section 1509, we briefly explain why we agree that San Mateo County is the proper court for deciding Salcido's habeas petition.

The issue turns on whether San Mateo County is the "court which imposed the sentence" under section 1509, as nothing in section 1509 authorizes a sentencing court to transfer a capital habeas petition to another court. In order to determine which court imposed the sentence under section 1509, "[o]ur first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. [Citation.] If the language is clear and unambiguous, we follow the plain meaning of the measure." (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.)

The meaning of "court which imposed the sentence" (§ 1509) is clear and unambiguous—it means the court where a defendant was sentenced. Here, that court is San Mateo County, which is where Salcido was sentenced to death. Indeed, our Supreme Court has already observed in Salcido's direct

6

appeal that Salcido's death sentence was imposed in San Mateo County. (See *Salcido*, *supra*, 44 Cal.4th at p. 103 ["Defendant Ramon Bojorquez Salcido appeals from a judgment of the San Mateo County Superior Court imposing a sentence of death."].)

The trial court concluded that Sonoma County, not San Mateo County, was the court which imposed the sentence by looking to California Rules of Court, rule 4.150, the current rule governing the transfer of venue in a criminal trial. Under rule 4.150, when a case has been initiated in one venue but transferred to another, the case "remains a case of the transferring court." (Cal. Rules of Court, rule 4.150(b).) Rule 4.150 states further that "[p]ostverdict proceedings, including sentencing . . . must be heard in the transferring court." (Cal. Rules of Court, rule 4.150(b)(1)&(3).) The trial court believed that rule 4.150 and section 1509 "can be read in harmony" to mean that Sonoma County was the sentencing court, with San Mateo County "serving only as a locale for the trial." The court explained: "The Sonoma County Superior Court has always retained jurisdiction of this case, and Sonoma County will have the responsibility for defending the judgment as well as for costs related to the petition."

The trial court should not have looked to rule 4.150 to aid its analysis because the rule was not in effect at the time of petitioner's trial and sentencing. Instead, the applicable rules were found in California Rules of Court, former rule 840 et seq. Under the prior rule, "[t]he court to which the action is transferred shall proceed as if the action had been commenced in such court." (Cal. Rules of Court, former rule 844.) Unlike current rule 4.150, the prior rule did not state a case remains a case of the transferring court after that court has transferred a case to another venue. Nor did the prior rule have any provision stating that sentencing must take place in the

7

transferring court. It is apparent that Salcido's trial and sentencing proceeded under the prior rule, as his sentencing occurred in San Mateo County and has been deemed a judgment of San Mateo County. Because Salcido's trial and sentencing proceeded under the prior rule, the trial court's reliance on rule 4.150 was misplaced.

In arguing in favor of a transfer to Sonoma County, the Attorney General relies on the Supreme Court's decision in *People v. Peoples* (2016) 62 Cal.4th 718. *Peoples*, however, does not support the Attorney General's argument. In fact, *Peoples* bolsters our conclusion that San Mateo County is the court which imposed the sentence. The defendant in *Peoples* was charged with capital murder in San Joaquin County. Before trial, the court transferred venue to Alameda County under a prior version of the venue transfer rule. Both the guilt and penalty phases of the trial were conducted in Alameda County before a San Joaquin County judge. (*Id.* at p. 790.) After the jury recommended the death sentence, the judge reconvened proceedings in the San Joaquin courthouse, where it sentenced the defendant to death. (Id. at pp. 790–791.) The defendant argued on appeal that the trial court "lacked jurisdiction to impose the death penalty because the court was physically sitting in San Joaquin County when it imposed the death penalty." (*Id.* at p. 790.) In rejecting the defendant's argument, the Court explained: "Before physically relocating proceedings to San Joaquin County and imposing the death sentence, the trial court consulted with the Judicial Council to determine whether posttrial proceedings could take place in San Joaquin County. The Judicial Council advised the trial court that regardless of where it sat, *it would still operate under the jurisdiction of Alameda County.*" (*Id.* at p. 791, italics added.) The Supreme Court then noted that after the defendant's trial, the Judicial Council promulgated current rule

8

4.150 "to require 'postverdict proceedings, including sentencing' to 'be heard in the transferring court.' (Cal. Rules of Court, Rule 4.150(b)(3).)" (*Ibid.*) The Supreme Court's explanation indicates to us that, before the current rule for venue transfers became effective, a transferee court—Alameda in *Peoples* and San Mateo in this case—was considered the court of record for sentencing purposes.

The Attorney General argues that section 1509 "merely establishes a presumption for the sentencing court hearing a habeas petition, and does not compel a court to ignore proper considerations that inform whether there is good cause to transfer the petition to the county where the crime occurred." The Attorney General's argument misunderstands the operation of section 1509. As our colleagues in Division Two of this court explained in *Ashmus*, "[g]ood cause is only mentioned in section 1509, subdivision (a), which governs new petitions, that is, those filed on October 25, 2017, or later." (*Ashmus, supra,* 42 Cal.App.5th at p. 1128.) Salcido's petition, however, is governed by subdivision (g), as it was pending in the Supreme Court when Proposition 66 became effective. (See § 1509, subd. (g).) Once the Supreme Court has transferred a petition to the sentencing court pursuant to subdivision (g), the subdivision does not permit a sentencing court to transfer a petition to another court for any reason. (*Ibid.*)

Moreover, even if this case was governed by subdivision (a), that subdivision explicitly provides only for a one-way transfer from "any court other than the court which imposed the sentence" to the sentencing court, "unless good cause is shown." (§ 1509, subd. (a).) It makes no provision for a transfer from the sentencing court to another superior court. Thus, where, as here, a petition is already with the sentencing court, section 1509 does not allow the petition then to be transferred elsewhere. For this reason, the

9

practical considerations offered by the Attorney General for transferring Salcido's petition to Sonoma County, such as the burden on Sonoma County prosecutors and the victims, are irrelevant. They would be relevant if, for example, Salcido had filed a habeas petition in Sonoma County, and the Sonoma County Superior Court sought to establish good cause for hearing the petition rather than transferring it to the sentencing court in San Mateo County. But absent that situation, section 1509 provides no mechanism for the transfer of Salcido's habeas petition from San Mateo County, where he was sentenced.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent Superior Court of San Mateo County to vacate and set aside its ruling granting the People's motion to transfer, and to enter a new and different order denying the motion.

_____

BROWN, J.

WE CONCUR:

_____

POLLAK, P. J.

_____

STREETER, J.

10

Trial Court:  San Mateo County Superior Court

Trial Judge:  Hon. Donald J. Ayoob

Counsel:

Hilary Potashner, Amy M. Karlin, Federal Public Defenders, Marta VanLandingham, Michael D. Weinstein, Deputy Federal Public Defenders, for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, Lance Winters, Ronald S. Matthias, Assistant Attorneys General, Holly D. Wilkins, Alice B. Lustre, Sarah J. Farhat,  Deputy Attorneys General; Robert Maddock, Sonoma County Deputy District Attorney, for Real Party in Interest.

*Salcido v. San Mateo County Superior Court* (A158016)