Filed 9/26/24  P. v. Sanchez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRYAN SANCHEZ,<br><br>    Defendant and Appellant. | B333760<br><br>(Los Angeles County<br>Super. Ct. No. BA272661-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2008 a jury convicted Sanchez of second degree murder, attempted murder, and conspiracy to commit murder, and the trial court sentenced him to an aggregate prison term of 60 years to life. In his direct appeal, Sanchez successfully challenged his conviction for conspiracy to commit murder, and this court reversed that conviction. On remand the trial court sentenced Sanchez to an aggregate term of 35 years to life.

In 2023 Sanchez petitioned the superior court to recall his sentence and resentence him under Penal Code section 1170, subdivision (d)(1)(A).[1] The court denied the petition, ruling that Sanchez's sentence of 35 years to life was not the functional equivalent of life without the possibility of parole and that Sanchez had received a parole hearing the prior year and had another one scheduled. While Sanchez's appeal from the superior court's order was pending, a panel of the Board of Parole Hearings granted Sanchez parole, although pending final approval of Sanchez's release by relevant authorities, Sanchez remains in the custody of the Department of Corrections and Rehabilitation.

Citing *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), Sanchez argues the superior court erred in ruling he was ineligible for relief under section 1170, subdivision (d)(1)(A). Sanchez contends that his original sentence of 60 years to life was the functional equivalent of life without the possibility of parole and that the superior court erred in considering he has had, and will have, parole hearings. We affirm.

---

[1]    Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2003, when Sanchez was 17 years old, he drove fellow gang members into a neighborhood claimed by a rival gang, looking for rival gang members to shoot. One of Sanchez's passengers fired several shots at a group of men, killing one and injuring another. (*People v. Flores* (July 19, 2010, B211207) [nonpub. opn.].)

In 2008 a jury convicted Sanchez of second degree murder (§ 187, subd. (a)); attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)); and conspiracy to commit murder (§ 182, subd. (a)(1)). The jury also found true allegations that Sanchez committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that the murder had been committed by means of shooting a firearm from a motor vehicle with the intent to inflict great bodily injury (§ 190, subd. (d)). The trial court sentenced Sanchez to an aggregate prison term of 60 years to life.

In 2010 this court reversed Sanchez's conviction for conspiracy and, as a result, vacated the judgment. On remand the trial court sentenced Sanchez to 35 years to life on his convictions for second degree murder and attempted willful, deliberate, and premeditated murder. (*People v. Flores*, *supra*, B211207.)

In 2023 Sanchez filed a petition under section 1170, subdivision (d)(1)(A), which authorizes certain defendants who were younger than 18 years old when they committed their crimes and who received a sentence of life without the possibility of parole to petition the superior court for recall and resentencing. Sanchez argued that, though he was not sentenced

3

to life without the possibility of parole, he qualified for relief under *Heard*, *supra*, 83 Cal.App.5th 608 because he was 17 years old when he committed his crimes, he had served almost 20 years of his sentence, his original sentence of 60 years to life was the functional equivalent of life without the possibility of parole, and he had "engaged in substantial programming in support of his rehabilitation." Sanchez also asserted that, once the court recalls his sentence, "his judgment will become no longer final, and Proposition 57 will apply to his re-sentencing."[2] The People opposed Sanchez's petition, arguing that he was ineligible for relief under section 1170, subdivision (d)(1)(A), because his sentence of 35 years to life was not functionally equivalent to life without the possibility of parole, that he received a parole hearing in 2022, and that he was scheduled to have another parole hearing in 2025.

At the hearing on Sanchez's petition, counsel for Sanchez argued that Sanchez met all of the "elements" of *Heard*, *supra*, 83 Cal.App.5th 608 and that Sanchez did not have "a meaningful opportunity [for] parole." Sanchez addressed the court and claimed that, when he next appears before the parole board, the board will "only consider" the trial court's recommendation Sanchez "die in prison" and that "nothing else will be

---

[2] "In 2016, the voters of California enacted Proposition 57, a measure that amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court." (*People v. Padilla* (2022) 13 Cal.5th 152, 158.)

4

considered."[3]  The court stated that Sanchez had already received a parole hearing, that he was about to have another one, and that, because Sanchez's sentence "was modified," the sentence was not the functional equivalent of life without the possibility of parole.  The court concluded *Heard* did not apply to Sanchez and denied the petition.  Sanchez filed a timely notice of appeal.[4]

## DISCUSSION

Sanchez argues that his initial sentence of 60 years to life was the functional equivalent of life without the possibility of parole and that the superior court erred in ruling he was not eligible for resentencing under section 1170, subdivision (d)(1)(A).  Sanchez contends that under *Heard*, *supra*, 83 Cal.App.5th 628 an order denying a defendant sentenced to the functional equivalent of life without the possibility of parole the opportunity to petition under section 1170, subdivision (d)(1)(A), violates

[3]  At Sanchez's sentencing hearing in 2008, the trial court told Sanchez:  "You are very smart, you are very articulate, and you are totally remorseless. . . .  Your conduct, as demonstrated even by the jury verdicts in this case, demonstrates extraordinary violence and extraordinary manipulative ability.  While I wish you good luck, Sir, I am of the opinion that you should never be released from custody."

[4]  In addition to appealing from the superior court's order denying his petition under section 1170, subdivision (d)(1)(A), Sanchez appealed from the court's order denying his motion for a juvenile court referral.  Because Sanchez does not make any argument in his opening brief regarding the latter issue, he has abandoned it.  (See *People v. Lemcke* (2021) 11 Cal.5th 644, 654, fn. 3.)

equal protection. Sanchez also contends that the "relevant benchmark" for determining whether his sentence is the functional equivalent of life without the possibility of parole is his initial sentence of 60 years to life, not his current sentence of 35 years to life, and that his "eligibility for a parole hearing was irrelevant to whether the sentence was the functional equivalent of" life without the possibility of parole.

While this appeal was pending, Sanchez had another parole hearing, and the parole panel granted him parole. We asked the parties to submit letter briefs addressing the impact of the favorable parole decision on Sanchez's appeal. The People argue the decision to parole Sanchez demonstrates Sanchez was not serving the functional equivalent of life without the possibility of parole. Sanchez asserts that the decision to release him on parole is still "subject to review by the Parole Board" for up to 120 days and that, even if the parole board approves Sanchez's parole, the Governor can still reverse that decision. Sanchez also repeats his argument that "the analysis in [*Heard*] focuses on the sentence actually imposed and not subsequent events."[5]

A. *Applicable Law and Standard of Review*

Section 1170, subdivision (d)(1)(A), states: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced

---

[5] Sanchez also notified this court of the court's decision in *People v. Sorto* (2024) 104 Cal.App.5th 435. The court in *Sorto* followed *Heard, supra,* 83 Cal.App.5th 608 and held section 1170, subdivision (d)(1)(A), violates equal protection by denying relief to juvenile offenders sentenced to the functional equivalent of life without the possibility of parole. (*Sorto*, at p. 442.)

to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (See *People v. Hardin* (2024) 15 Cal.5th 834, 845; *People v. Sorto* (2024) 104 Cal.App.5th 435, 443 (*Sorto*); *Heard, supra,* 83 Cal.App.5th at p. 628.) Following the United States Supreme Court's decision in *Graham v. Florida* (2010) 560 U.S. 48,[6] the Legislature enacted former subdivision (d)(2) of section 1170 (now section 1170, subdivision (d)(1)(A)),[7] "inspired by concerns regarding sentences of life without parole for juvenile offenders." (*In re Kirchner* (2017) 2 Cal.5th 1040, 1049.) Section 1170, subdivision (d)(1)(A), "provides an avenue for juvenile offenders serving terms of life without parole to seek recall of their sentences and resentencing to a term that includes an opportunity for parole." (*Kirchner*, at p. 1049.) "The petition must include a statement describing the defendant's remorse, identifying any work towards rehabilitation, and stating one of

---

[6] In *Graham v. Florida, supra*, 560 U.S. 48, the United States Supreme Court held: "The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." (*Id.* at p. 82.)

[7] In 2021 the Legislature renumbered section 1170, former subdivision (d)(2), as section 1170, subdivision (d)(1)(A). (Stats. 2021, ch. 731, § 1.3.)

four qualifying circumstances is true." (*Sorto*, at p. 443; see *Heard*, at p. 618.)

"'Statutory construction begins with the plain, commonsense meaning of the words in the statute, "because it is generally the most reliable indicator of legislative intent and purpose."' [Citation.] A statute is not to be read in isolation, but construed in context and "'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect."' [Citation.] "'If there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said, and we need not resort to legislative history to determine the statute's true meaning.""" (*Heard*, *supra*, 83 Cal.App.5th at pp. 622-623.) We review questions of statutory interpretation de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694; *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

B. *The Court Did Not Err in Denying Sanchez's Petition Under Section 1170, Subdivision (d)(1)(A)*

Section 1170, subdivision (d)(1)(A), applies only to juvenile offenders sentenced to "imprisonment for life without the possibility of parole." (See *Heard, supra*, 83 Cal.App.5th at p. 626 ["section 1170, subdivision (d)(1)(A), limits eligibility to petition for recall and resentencing to juvenile offenders sentenced to an explicitly designated life without parole term"].) Sanchez, who did not receive that sentence, argues he is nevertheless eligible for relief because under *Heard* his original sentence was functionally equivalent to a sentence of life without the possibility of parole.

In *Heard*, *supra*, 83 Cal.App.5th 608 the defendant argued that his prison sentence of 23 years plus 80 years to life was the

8

functional equivalent of life without the possibility of parole and that section 1170, subdivision (d)(1)(A), should apply to him; "a contrary interpretation," the defendant in *Heard* asserted, would violate his constitutional right to equal protection. (*Heard*, at p. 612.) The court in *Heard* held that, even though section 1170, subdivision (d)(1)(A), applies only to juvenile offenders sentenced to life without the possibility of parole, denying the defendant "the opportunity to petition for resentencing under this provision violates his right to equal protection of the laws." (*Heard*, at p. 634.) The court rejected the People's argument that the Supreme Court in *People v. Franklin* (2016) 63 Cal.4th 261 held section 3051[8] had "reformed" the defendant's sentence so that it was no longer the functional equivalent of life without parole.[9] (*Heard*, at pp. 628-629.) The court in *Heard* stated that, "although the retroactive operation of section 3051 means [the defendant] will receive a youth offender

---

[8] Section 3051 provides the Board of Parole Hearings must hold a parole hearing for certain juvenile offenders after the defendant has served 15, 20, or 25 years of his or her sentence, depending on the defendant's "controlling offense," which the statute defines as "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subds. (a), (b); see *People v. Hardin, supra*, 15 Cal.5th at pp. 842-843; *People v. Franklin, supra*, 63 Cal.4th at p. 277.)

[9] In *People v. Franklin, supra*, 63 Cal.4th 261 the Supreme Court held that section 3051 and related statutes "effectively reformed" the defendant's sentence of 50 years to life in prison and that, by "operation of law," the defendant's sentence was "not functionally equivalent" to a sentence of life without the possibility of parole. (*Id.* at pp. 286-287.)

parole hearing in his 25th year of incarceration, his original sentence remains binding." (*Id.* at p. 629.) The court held that, notwithstanding the effect of section 3051, the defendant's sentence "*was* a de facto life without parole sentence at the time it was imposed" and that section 1170, subdivision (d)(1)(A), refers to the "'offense for which the defendant *was sentenced* to imprisonment for life without the possibility of parole' (italics added)." (*Id.* at p. 629; see *Sorto, supra*, 104 Cal.App.5th at p. 448 ["that section 3051 superseded [the defendant's] sentence is irrelevant" because "it is enough that he 'was sentenced' to the functional equivalent of" life without the possibility of parole].)

 *Heard* is distinguishable. In *Heard* the defendant's judgment of conviction had not been reversed at the time he petitioned for relief under section 1170, subdivision (d)(1)(A), and his sentence of more than 80 years to life was still "binding" on him, even though section 3051 gave him an opportunity for parole well before the end of his sentence. (*Heard, supra*, 83 Cal.App.5th at p. 629; see *People v. Franklin, supra*, 63 Cal.4th at p. 278 ["The continued operation of the original sentence is evident from the fact that an inmate remains bound by that sentence."].) In contrast, the sentence that is binding on Sanchez is 35 years to life, not 60 years to life. Sanchez's original sentence no longer exists because we reversed one of his convictions, which vacated the judgment. (See *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 ["[B]y a reversal, the order or judgment appealed from no longer has any vitality or force. In effect, the order or judgment appealed from is vacated."]; *People v. Martinez* (2017) 10 Cal.App.5th 686, 718 ["''The effect of an unqualified reversal ('the judgment is reversed') is to vacate the judgment, and to leave the case 'at

10

large' for further proceedings as if it had never been tried, and as if no judgment had ever been rendered."'"]; see also *People v. McKenzie* (2020) 9 Cal.5th 40, 46 ["In criminal actions, the terms 'judgment' and '"sentence"' are generally considered 'synonymous.'"].)  Although section 1170, subdivision (d)(1)(A), refers to the defendant's sentence in the past tense, nothing in the statute requires the superior court to consider only the *first* sentence ever imposed on the defendant, without regard to whether it survived direct appeal.  At the end of the proceedings in the trial court, Sanchez was sentenced to 35 years to life, within the meaning of section 1170, subdivision (d)(1)(A).

And not even Sanchez argues a sentence of 35 years to life is the functional equivalent of life without the possibility of parole.  (See *People v. Garcia* (2017) 7 Cal.App.5th 941, 949 [defendant's sentence of 32 years to life "is on its face neither an actual nor an effective life sentence without the possibility of parole"]; *People v. Perez* (2013) 214 Cal.App.4th 49, 58 ["by no stretch of the imagination" can a sentence of 30 years to life "be called a 'functional' or 'de facto'" term of life without the possibility of parole]; cf. *People v. Contreras* (2018) 4 Cal.5th 349, 368-369 [sentences of 50 years to life and 58 years to life were "functionally equivalent" to terms of life without the possibility of parole because confinement "with no possibility of release until age 66 or age 74 seems unlikely to allow for the reintegration that *Graham* contemplates"]; *Sorto, supra*, 104 Cal.App.5th at p. 445 [defendant's sentence of 10 years plus 130 years to life

"provided no meaningful opportunity for parole during his lifetime"].)[10]

## DISPOSITION

The order denying Sanchez's petition under section 1170, subdivision (d)(1)(A), is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

---

[10] Sanchez asserts that, even if we consider his current sentence of 35 years to life, "his release is unlikely after that time period." Because Sanchez does not develop this argument or cite any supporting authority, he has forfeited it. (See *People v. Bryant, Smith and Wheeler* (2016) 60 Cal.4th 335, 363; *People v. Flint* (2018) 22 Cal.App.5th 983, 995, fn. 11; Cal. Rules of Court, rule 8.204(a)(1)(B).)